PER CURIAM.
Psychiatric Institute of Delray, Inc., d/b/a Fair Oaks Hospital at Boea/Delray (Fair Oaks) and Florida Gold-Pottash Medical Group, P.A., a/k/a Florida Medical Group, P.A., (Medical Group) petition for writ of certiorari, challenging a trial court order granting the motions of Palm Beach Newspapers, Inc., d/b/a (The Post) to intervene in a pending lawsuit and to vacate earlier trial court discovery orders. We grant the petition in part, and deny it in part.
This cause arises from a lawsuit against petitioners for violation of federal and state civil RICO statutes, medical malpractice and false imprisonment. The plaintiffs requested production of documents, to which petitioners objected. On January 10, 1991, the trial court ordered petitioners as defendants to submit certain discovery documents under seal for in camera review. On February 8, 1991, the trial court overruled petitioners’ objections to production, but required that the documents not be made public. On July 8, 1991, the trial court issued a protective order again upon the condition that the contents of the disputed discovery not be made public. On the same date, the Post moved to intervene and to vacate the pretrial discovery orders dated January 10, 1991 and February 8, 1991.
As petitioners had only been noticed of the hearing that day, the trial court scheduled a hearing for the next day, on July 9, 1991. It is not clear to this court that counsel for both sides understood that the trial court would hear both the motion to intervene and the motion to vacate pretrial discovery orders the next day. Indeed, petitioners maintain that they expected a hearing only on the motion to intervene on. July 9, 1991. Nonetheless, the trial court entered an order on July 9, 1991 granting both motions. That prompted the instant petition.
As for that portion of the order which grants the Post’s motion to intervene, we deny the petition for writ of certiorari. Petitioners have failed to demonstrate that the trial court departed from the essential requirements in ruling that the Post had standing to intervene in the subject proceedings and challenge the pretrial orders barring public access of certain discovery documents. See Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988); State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla.1976).
As for that portion of the order which grants the Post’s motion to vacate the two earlier orders barring public access to discovery items, we grant the petition for writ of certiorari. The record reveals substantial uncertainty as to whether the trial court intended to hear this motion on July 9, 1991. Also, we agree that the Post failed to provide petitioners adequate no *16 tice of the hearing. Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987); Devoe & Raynolds Co. v. KDS Paint Co., 382 So.2d 126 (Fla. 4th DCA 1980).
Accordingly, we grant the petition in part, and deny it in part. This cause is remanded for further proceedings, including a hearing on the Post’s motion to vacate, to be scheduled with adequate notice to petitioners.
GLICKSTEIN, C.J., and GUNTHER and GARRETT, JJ., concur.