641 So.2d 949 (1994)
STATE FARM GENERAL INSURANCE CO., Petitioner,
v.
John GRANT, Carter Grant, and Martha Register, Respondents.
No. 94-1174.
District Court of Appeal of Florida, First District.
September 7, 1994.
*950 Charles A. Stampelos and Harold R. Mardenborough, Jr., of McFarlain, Wiley, Cassedy & Jones, Tallahassee, for petitioner.
J. Bruce Bowman, of Dennis & Bowman, Tallahassee, for respondents.
PER CURIAM.
This is a petition for a writ of certiorari directed to an order compelling discovery. We grant the writ in part and deny it in part.
Respondents sustained damage to their property in Taylor County in the storm of March 1993. Petitioner denied coverage on the theory that the damage was caused by flooding, which was excluded from the insurance policy, rather than by wind. Respondents filed suit for breach of contract in June 1993.
Concurrent with filing and serving the complaint, Respondents served a set of interrogatories. Petitioner objected to and refused to answer four interrogatories as requiring privileged and irrelevant information:
2. Please set out the internal company guidelines used by your adjuster in the field in evaluating the claims from the windstorm of March 13, 1993.
3. Describe the claims adjustment process undertaken for claims numbered 10AO15-113 and # 10AO15-051.
4. Describe the professional qualifications of Kenneth D. Seiffert, Jr., including his experience and training in the area of engineering.
5. Describe in detail the data relied upon determining your liability for claims # 10AO15-113 and # 10AO15-051.
Respondents served a Motion to Compel answers to the interrogatories on November 19, 1993, arguing the material was relevant and was neither work product nor protected by attorney-client privilege. Also on November 19, 1993, Respondents moved for leave to file an amended complaint, adding a count for bad faith denial of the claim, and served a Request for Production of a list of eight documents:
1. All internal procedural memoranda regarding the handling of property damage claims such as the Plaintiff's in effect during the twelve months up to and including March of 1993.
2. State Farm's latest claims manual on processing and handling of property damage claims in general.
3. A copy of State Farm's standards for the proper investigation of claims that were in effect from March, 1993 through the present.
4. The claims file on claim number 10-AO15-113.
5. The claims file on claim number 10-AO15-051.
6. The underwriting file on claim number 10-AO15-113.
7. The underwriting file on claim number 10-AO15-051.
8. A copy of the report prepared by Hal Benjamin referenced in the answer to Interrogatory 6 of the Plaintiff's First Set of Interrogatories.
Petitioner served a Motion for Protective Order on January 12, 1994, alleging it had objected to the interrogatories and a Motion to Compel had been filed, and also stating that it objected to the Request for Production because the information was work product. Petitioner requested an order preventing discovery of the documents sought in the Request for Production.
The notice of hearing prepared by Respondents referred only to the Motion to Compel and the Motion for Leave to File Amended Complaint. The hearing was held on February 21, 1994. In his opening remarks to the court, counsel for Respondents mentioned that they were there on the Motion to Compel, and that they had sent interrogatories and a Request to Produce to Petitioner. Counsel for Petitioner argued that the information sought was not relevant to the contract claim, even though it might be relevant later to a bad faith claim. The trial court orally granted the Motion to Compel, and asked Respondents' attorney to prepare the order. The court took the motion to amend and the motion to abate the bad faith claim under advisement, later granting both.
Around March 23, 1994, Respondents sent the proposed order on the Motion to Compel *951 to the judge with a copy to Petitioner's attorney, who then wrote a letter objecting to the proposed order insofar as it compelled the production of documents, asserting the hearing had been limited to the Motion to Compel, which only requested responses to interrogatories. Respondents' attorney wrote a letter arguing the order should cover the Request for Production. Petitioner's attorney wrote another letter arguing he would have put on additional evidence had he known the order would extend to the Request for Production. On March 31, 1994, the court entered an Order Compelling Discovery as to the interrogatories and the Request for Production.
Petitioner asserts two grounds for its petition for certiorari: (1) the Request for Production was not at issue at the February 21, 1994, hearing, thus it was deprived of notice and an opportunity to be heard as to whether those documents were work product, and it should not have been compelled to produce those documents, and (2) the information sought in the interrogatories is irrelevant to the coverage question and it should not have been compelled to answer. Respondents contend that the discovery requested is relevant and reasonably calculated to lead to admissible evidence and was not shown to be privileged, thus Petitioner has failed to show that irreparable harm or any material injury would result from the order compelling discovery, and certiorari relief is not available. Respondents further assert Petitioner knew they were at the hearing to discuss the Request to Produce as well as the interrogatories, as the request was mentioned at the start of the hearing, but failed to present any work product argument to the trial court. Respondents argue that the interrogatories and Request to Produce sought the same basic information, and argue that since Petitioner did not make the work product argument as to the interrogatories, Petitioner cannot show the documents are work product. Petitioner responds that the work product argument was not raised below as to the Request to Produce because the Request to Produce was not at issue at the hearing.
"In seeking certiorari review of a pretrial, nonappealable order, the party seeking review must demonstrate not only that the trial judge `departed from the essential requirements of law' but also that the harm resulting from the erroneous order is material and cannot be remedied on appeal from the final judgment or order." Transmark, U.S.A. v. Department of Insurance, 631 So.2d 1112 (Fla. 1st DCA 1994), review denied, 639 So.2d 983 (Fla. 1994), citing, Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
We believe Petitioner has shown a departure from the essential requirements of law insofar as the order under review applies to the Request for Production. Based on our review of the record, we agree that Petitioner did not have notice and an opportunity to demonstrate to the trial court that the documents requested were work product. Insofar as the order compelled answers to interrogatories, because the only argument before the trial court was that the information was not relevant, Petitioner has not met the requirements for certiorari review.

Ruling on Request for Production
The notice of hearing referred only to the Motion for Leave to Amend Complaint and the Motion to Compel, which only sought to compel responses to the interrogatories, and did not mention the Request to Produce. Although counsel for Respondents mentioned to the court at hearing that they had also filed a Request to Produce documents, we do not interpret those remarks to be an oral amendment to the Motion to Compel to include the Request to Produce. The discussion at hearing related to the material sought in the interrogatories, specifically, the internal company guidelines, claims adjustment process, professional qualifications of the adjuster, and data relied on in determining liability. Petitioner had filed a Motion for Protective Order requesting relief only as to the Request for Production, and it was not taken up at the hearing. Petitioner was deprived of notice and an opportunity to be heard on its Motion for Protective Order in which it objected to the Request to Produce. This was a departure from the essential requirements of law. See, e.g., Psychiatric Institute of Del-Ray, Inc. v. Palm Beach Newspapers, Inc., 588 So.2d 14 (Fla. 4th *952 DCA 1991) (certiorari granted when not clear whether counsel for both sides understood that the trial court would hear both a motion to intervene and a motion to vacate pretrial discovery orders, petitioners maintained they expected hearing would only cover the motion to intervene, record revealed substantial uncertainty as to whether the trial court intended to hear both motions, and Respondents failed to provide petitioners adequate notice of the hearing). See also Department of Environmental Regulation v. Montco Research Products, Inc., 489 So.2d 771 (Fla. 5th DCA), review denied, 494 So.2d 1152 (Fla. 1986) (determination of an issue not raised by pleadings or on which parties have not been given notice or opportunity to be heard is departure from essential requirements of law); and Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984) (trial court departed from essential requirements of law when it discharged lis pendens without affording petitioner notice and an opportunity to be heard).
As for the requirement that irreparable harm be shown, Petitioner asserts that it did not attempt to make a showing below that the documents were work product and that disclosure would cause material injury because of the lack of notice that the Request to Produce would be taken up at hearing. We believe Petitioner has satisfied the irreparable injury requirement in that it was prevented from attempting to show the documents sought were covered by the work product privilege; this is the type of fundamental error appropriately addressed by certiorari review. See Martin-Johnson, Inc.

Ruling on Interrogatories
Since Petitioner's argument before the trial court was that the information sought in the interrogatories was irrelevant to the coverage issue, the ruling on the interrogatories does not meet the standards for certiorari review. While Petitioner argues before this court that the interrogatories call for work product, it did not make that argument below.[1]
Petitioner contends Suburban Propane v. Estate of Pitcher, 564 So.2d 1118 (Fla. 1st DCA 1990), controls on this issue, however, that case is distinguishable, first, because the irreparable injury requirement for certiorari review was not specifically discussed, and second, because we are not convinced the information sought here is wholly irrelevant to the issues. "[E]ven if the discovery were irrelevant, that alone is not a basis for granting the extraordinary remedy of certiorari, unless the disclosure of the materials `may reasonably cause material injury of an irreparable nature.'" Allstate Insurance Co. v. Langston, 627 So.2d 1178 (Fla. 4th DCA 1993). Petitioner has not demonstrated that irreparable harm would result from the disclosure of the material sought in the interrogatories and therefore has not met the requirements for certiorari review of that particular issue.
In conclusion, the petition for writ of certiorari is GRANTED insofar as the trial court compelled Petitioner to produce documents without notice and an opportunity to be heard on the work product theory, and DENIED in all other respects.
JOANOS, LAWRENCE and DAVIS, JJ., concur.
NOTES
[1] Petitioner's passing reference to producing "data that would be used to support the claim at trial" and statement that "the information is out there. It's just as difficult for us to try and nail down all the information on the storm as it is for the plaintiffs," did not adequately raise the work product issue before the trial court.