MONACO, J.
The petitioner and plaintiff below, Annie Jackson, as Personal Representative of the Estate of Annie Johnson, Deceased (the “Personal Representative”), petitions for a writ of certiorari to review an order of the *600 lower court permitting post judgment depositions to be conducted in connection with a section 57.105(1), Florida Statutes (1997), request for attorney’s fees. We elect to treat the request for writ of certio-rari as a non-final appeal from a post judgment order pursuant to Rule 9.130(a)(4), Florida Rules of Appellate Procedure,[1] and reverse part of the order.
In 2001, the Personal Representative filed a third amended complaint against York Hannover Nursing Centers (“York Hannover”), alleging that in March of 1999, Annie Johnson was admitted to the Brooksville Healthcare Center in Hernan-do County, Florida, for rehabilitation after having suffered a stroke. Ms. Johnson passed away on April 12, 1999. Count I of the complaint asserted a statutory deprivation and infringement of rights pursuant to section 46.021, Florida Statutes (1999). In this count the Personal Representative alleged that while in the nursing home, Ms. Johnson was dehydrated and developed several pressure sores, and further maintained that Ms. Johnson became malnourished and developed a urinary tract infection while in the care of York Hanover that resulted in an unnecessary hospitalization. In Counts II and III the Personal Representative alleged, respectively, that York Hanover was negligent and medically negligent in its care of Ms. Johnson. Finally, in Count IV the Personal Representative sought recovery for wrongful death.
On the day of trial, the Personal Representative voluntarily dismissed Counts II, III and IV of the third amended complaint. Count I went to trial and a verdict was entered in favor of the Personal Representative in the amount of $32,650.50. A final judgment was rendered on March 13, 2003, and a notice of appeal was timely filed.[2]
York Hannover subsequently filed a motion for attorney’s fees and costs pursuant to section 57.105, as a result of the voluntary dismissal of the last three counts of the complaint. The trial court conducted a hearing on the motion, but reserved ruling. After the hearing, York Hannover sought to depose the attorneys for the Personal Representative, and in response the Personal Representative filed a motion for protective order. The Personal Representative maintained that the 1997 version of section 57.105, Florida Statutes, applied, not the post October 1999 amended version as argued by York Hannover. That version allows attorney’s, fees if the trial court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party. The Personal Representative posited that the statute that governed was the one in effect when the cause of action arose, not when the complaint was filed or when the voluntary dismissal was taken. See L. Ross Inc. v. R.W. Roberts Construction Co., Inc., 466 So.2d 1096 (Fla. 5th DCA 1985), approved, 481 So.2d 484 (Fla.1986). Accordingly, the Personal Representative argued that the court could only award 57.105 attorney’s fees where it found a complete absence of a justiciable issue of either law or fact raised by the complaint.
After a second hearing addressing this same subject, the trial court concluded that the 1997 version of section 57.105 applied to York Hannover’s pending motion for attorney’s fees, and that York Hannover was the “prevailing party” on Counts II, III and IV. No decision was made specifically with respect to entitlement to fees or the amount of fees, if any. *601 The trial court did, however, authorize York Hannover to take the depositions of two of the attorneys for the Personal Representative, but limited the scope of the depositions to the factual basis for Counts II, III and IV. Finally, the trial court appointed a special master presumably to resolve any work-product controversies that might arise during the depositions. The Personal Representative thereafter filed her petition for certiorari.
The crux of the Personal Representative’s position is that allowing York Hann-over to depose her attorneys would open the door to possible discovery abuses involving the work product privilege. She argued more specifically that because there was a possibility that the case might be retried based on the plenary appeal of the final judgment, privileged information discovered during the depositions might be used against her on retrial. In addition, the Personal Representative maintained that according to the 1997 version of section 57.105, the depositions would be unnecessary as a matter of law. She pointed out that York Hannover was attempting to seek discovery on an issue that could readily be determined based on the facts contained within the record.
York Hannover responds by asserting that Jackson waived any claim that the older version of 57.105 applied since both parties argued in favor of the newer version at one of the hearings on the motion for attorney’s fees. York Hannover does concede, however, that the issue regarding which version of the statute applies was raised and argued by the Personal Representative at the later hearing, and before the trial court entered the order that is the basis for this non-final appeal. York Hannover simply discounts the court’s holding by suggesting that the finding might be “nothing more than an accident by the judge or a misapprehension of law that this court or the trial court will ultimately correct before final judgment issues.”
In her petition the Personal Representative does not dispute the court’s ruling regarding which version of section 57.105 applied. She points out, as well, that York Hanover has not challenged by appeal or petition the trial court’s conclusion that the 1997 version applies.
We agree that the trial court’s specific finding that the 1997 version of section 57.105 applies to the instant action was never appealed by York Hannover, nor was there any other challenge to that particular aspect of the court’s ruling. Thus, whether the lower court chose the correct version of 57.105 is not properly before us in this non-final appeal.
The Personal Representative also raises a matter that is not yet ripe for our determination. She argues that since one of the counts actually went to trial, and since she recovered a judgment on that count, an award of attorney’s fees pursuant to section 57.105(1) would not be appropriate. Her position is that a motion for attorney’s fees under the 1997 version of section 57.105 would be directed to the entire complaint, and not to individual counts. This, too, is an issue which should be raised in an appeal from the final order on attorney’s fees. It is premature at this point in light of the fact that the trial court has not yet determined whether York Hanover is entitled to attorney’s fees.
The issue that is squarely before this court is simply whether the ruling permitting the depositions of the Personal Representative’s attorneys is correct. We have determined based on the facts before us that it is not. To be entitled to an award of attorney’s fees under section 57.105(1), Florida Statutes (1997), the moving party must establish that the cause of *602 action was so clearly untenable, or that its insufficiency was so manifest, that its frivolous character can be determined on a bare inspection of the record without argument or research. See Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla.1982). Thus, a trial court need only review the prejudgment record to determine whether there is a complete absence of a justiciable issue of either law or fact raised by the complaint. In any event, deposing the Personal Representative’s attorneys is unnecessary because a determination should be based on the face of the prejudgment record. A motion for attorney’s fees pursuant to section 57.105(1), Florida Statutes (1997), therefore, does not require additional discovery to determine whether a cause of action at its inception was completely untenable and frivolous.[3]
Accordingly, the order of March 26, 2008, is affirmed with respect to its determination that York Hannover is the prevailing party in Counts II, III and IV of the complaint, and in its holding that the 1997 version of section 57.105, applies to York Hannover’s pending motion for attorney’s fees. The order is reversed, however, to the extent it allows York Hannover to take the depositions of the attorneys for the Personal Representative.
AFFIRMED in part, REVERSED in part.
PETERSON and PLEUS, JJ., concur.

. Rule 9.130(a)(4) states that non-final orders entered after final order on authorized motions are reviewable by this rule.

. The appeal is unrelated to the instant proceeding.

. Under the post October 1999 revision of section 57.105, attorney’s fees can now be awarded if a party or its counsel knew or should have known that any claim or defense asserted was not supported by material facts or by application of an existing law to those material facts. Generally, a revised statute cannot be applied retroactively to papers filed, actions taken or matters occurring prior to the effective date of the amendment. See Mullins v. Kennelly, 847 So.2d 1151 (Fla. 5th DCA 2003).