893 So.2d 675 (2005)
ALLSTATE INDEMNITY COMPANY, Petitioner,
v.
Timothy OSER, Sabrina Patterson, and Jo Lynn Walkup, Respondents.
No. 1D04-2683.
District Court of Appeal of Florida, First District.
February 17, 2005.
Michael T. Callahan and Weslee L. Ferron of Callahan Martinez, L.L.C., St. Petersburg, for Petitioner.
Sharon H. Proctor, Avon Lake, Ohio, and Mark A. Avera of Avera & Avera, P.A., Gainesville, for Respondent Timothy Oser.
*676 Lefferts L. Mabie of Lefferts L. Mabie, P.A., Tampa, and Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, for Respondent Sabrina Patterson.
David B. Shelton and Candy L. Messersmith of Rumberger, Kirk & Caldwell, Orlando, for Respondent Jo Lynn Walkup.
ERVIN, J.
Allstate Indemnity Company files a petition for writ of certiorari, challenging three orders the trial court issued in bad-faith litigation initiated by respondents, Timothy Oser and Sabrina Patterson, against Allstate. Allstate claims the trial court departed from the essential requirements of law by denying Allstate's motions to dismiss and for protective order, and by granting respondents' motion to compel. We disagree and deny the petition.
On October 7, 1999, Duane Patterson was driving a car belonging to his sister, respondent Sabrina Patterson, when he struck the vehicle of respondent Timothy Oser. Allstate insured Sabrina Patterson's vehicle through a policy procured by respondent, agent Jo Lynn Walkup. Believing that Patterson's policy provided $25,000 bodily injury liability (BIL) coverage and $25,000 property-damage liability coverage, Oser offered to settle his claim for the $25,000 BIL limits plus his property damage. Allstate asserted that Patterson's policy did not afford BIL coverage and refused Oser's offer. Oser submitted a second settlement offer to settle all claims against Patterson in return for payment of his property damage in an amount equal to Patterson's property-damage limits. Allstate rejected that offer as well. Oser sued Patterson on June 2, 2000, for bodily injury and property damage. During the course of that litigation, Allstate settled Oser's property-damage claim only, paying the sum that Oser had previously sought to settle all claims. Oser's action against Patterson for BIL proceeded to verdict, resulting in a final judgment against her for $1,502,584.60.
Thereafter, Patterson and Oser together sued Walkup and Allstate, alleging that Walkup had orally agreed to obtain "full coverage" for Patterson, including BIL coverage, thereby Walkup became liable to Patterson for negligent failure to procure the same and for breach of contract; that Allstate was liable for acting in bad faith toward both Oser and Patterson by failing to settle Oser's claims within Patterson's property-damage limits; and that Allstate was vicariously liable for Walkup's conduct. After discovery commenced, Allstate filed a motion to dismiss or to abate the bad-faith counts until a final determination is made on the merits of the remaining counts, citing extensive case law standing for the proposition that coverage must be determined before an action for bad faith may proceed. See, e.g., Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla.1991); Hartford Ins. Co. v. Mainstream Constr. Group, Inc., 864 So.2d 1270 (Fla. 5th DCA 2004); Gen. Star Indem. Co. v. Anheuser-Busch Cos., 741 So.2d 1259 (Fla. 5th DCA 1999). The trial court denied the motion.
In the cases cited above, the courts held that a tort action against an insured cannot proceed simultaneously with an action by the insured against the insurer alleging bad-faith failure to settle or properly defend for the reason that the insurer cannot be found to have acted in bad faith unless it is established that the insured had the coverage at issue, and that the insured is liable to the plaintiff beyond the policy limits. The above rule does not, however, control the case at bar, because the two proceedings are not being simultaneously litigated. It had already been determined in Oser's personal-injury action against Patterson that Patterson had no *677 BIL coverage and that she was liable to Oser, so these are no longer jury issues. Respondents Patterson and Oser are not seeking BIL coverage limits, but rather the amount of the unsatisfied judgment against Patterson. Allstate's liability for bad faith does not require a finding that Walkup is liable to the respondents for failure to procure BIL coverage, but instead depends upon a mixed question of law and fact whether, even without BIL coverage, Allstate owed Patterson a duty to settle Oser's claims against her for both BIL and property damage because it either expressly undertook such duty or because the circumstances created a duty.[1]
Allstate also filed a motion for protective order, asking the court to deny plaintiffs' request for production of Allstate's litigation files and claim-handling materials generated before the final judgment in Oser's suit against Patterson. The court denied the motion. Allstate acknowledges that claims files are discoverable in bad-faith actions, but contends that permitting their discovery is premature because the coverage and liability issues have yet not been decided. As we have earlier stated, the case law Allstate relies upon involves simultaneous prosecution of tort liability and bad-faith claims, and does not apply to the action at bar. See, e.g., Am. Bankers Ins. Co. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998); State Farm Gen. Ins. Co. v. Grant, 641 So.2d 949 (Fla. 1st DCA 1994).
Finally, the trial court granted plaintiffs' motion to compel Allstate to produce the documents and materials in Allstate's claims file that were used in Oser's litigation against Patterson. Allstate contends that the court departed from the essential requirements of law by failing to order an in-camera inspection to determine whether any documents are protected by the attorney-client privilege or as work product. Respondents claim that Allstate waived this issue by failing to file a privilege log until 30 days after the trial court issued its order granting their motion to compel. Rather than showing waiver, however, the facts disclose this issue is not ripe for review.
In a bad-faith action, no attorney-client or work-product privilege ordinarily extends to protect documents that were created before the date of the judgment that gave rise to such claim. See Dunn v. Nat'l Sec. Fire & Cas. Co., 631 So.2d 1103 (Fla. 5th DCA 1993). A privilege log must be filed pursuant to Florida Rule of Civil Procedure 1.280(b)(5) in order to preserve a privilege. See Kaye Scholer LLP v. Zalis, 878 So.2d 447 (Fla. 3d DCA 2004). The rule does not provide a time limit for filing the log. In their motion to compel, the plaintiffs did not request the court to find that Allstate had waived any privileges or protection by failing as a result of such failure. Cf. id. at 449 (finding waiver when the defendants had sought from plaintiffs a privilege log, which plaintiffs did not provide, resulting in defendants moving to *678 compel and for sanctions, seeking production of documents and a determination that the plaintiffs had waived any claim of privilege pursuant to rule 1.280(b)(5) caused by their failure to produce a privilege log).
In its order compelling Allstate to comply with the discovery request, the trial court made no determination that Allstate had waived any privileges or protections. After the trial court issued the order, Allstate filed a privilege log encompassing documents created before and after the final judgment in Oser v. Patterson. Accordingly, the trial court has not yet made any determination regarding Allstate's claims of privilege, which are now mature.
Allstate's petition for writ of certiorari is DENIED.
DAVIS and HAWKES, JJ., CONCUR.
NOTES
[1] See, e.g., Ging v. Am. Liberty Ins. Co., 423 F.2d 115 (5th Cir.1970) (reversing summary judgment for the insurer in a bad-faith claim for failure to settle an action seeking compensatory and punitive damages, rejecting the district court's determination that the insurer had no duty to act in good faith in relation to a claim for punitive damages, which were not covered by the insurance policy, because the insurer expressly undertook the defense of the lawsuit both as to compensatory and punitive damages, which included apprising the insured of settlement offers and warning of potential consequences of litigating); Hillery v. Conn. Indem. Co., 6 Fla. L. Weekly Supp. 427 (Fla.Cir.Ct. Mar. 31, 1999) (granting plaintiff's motion for partial summary judgment, holding that the insurer owed a duty to the insured to act in good faith in settlement negotiations dealing with both personal-injury and property damage, even though there was no coverage for the former).