958 So.2d 569 (2007)
David L. HUSTAD, P.E., Appellant,
v.
ARCHITECTURAL STUDIO, INC., a Florida corporation, d/b/a Scott Blakeslee Disher & Associates, Appellee.
No. 4D06-3574.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
*570 Frank V. Reilly of Reilly Roche LLP, Fort Lauderdale, for appellant.
Shirley Jean McEachern and Jon D. Derrevere of Derrevere & Hawkes, West Palm Beach, for appellee.
STEVENSON, C.J.
David L. Hustad is a structural engineer who was sued by his former employer, Architectural Studio, Inc. ("ASI"). After ASI voluntarily dismissed its suit, appellant filed a motion seeking the award of 57.105 attorney's fees. The attorney's fees motion was set to be heard at a time originally reserved to resolve a pre-dismissal discovery dispute. Initially, there was some confusion between the parties and the judge as to what was to be addressed. When it became clear to the judge that the matter before him was a section 57.105 motion, he questioned how appellant's counsel could establish ASI's claims were frivolous from the outset, as claimed, in the wake of a voluntary dismissal. Although appellant's counsel pointed to the nearly 120 pages of documents attached to his motion, the trial court summarily denied the motion indicating that absent a disposition on the merits, there was no way for him to know that ASI's claims were frivolous. This was reversible error.
Section 57.105(1), Florida Statutes (2006), provides that a trial court "shall award" attorney's fees to the prevailing party in an action where the court finds that the losing party or his attorney "knew or should have known" that the claim "[w]as not supported by the material facts necessary to establish the claim" or "[w]ould not be supported by the application of then-existing law to those material facts." Fees are not awardable where the claim can be supported by "a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success." § 57.105(2), Fla. Stat. "[T]he mere dismissal of a suit does not necessarily justify an attorney's fee award if the suit can be considered to have been non-frivolous at its inception." Murphy v. WISU Props., Ltd., 895 So.2d 1088, 1094 (Fla. 3d DCA 2004).
*571 Whether a claim is frivolous within the meaning of section 57.105, thus mandating the award of fees, is a matter left to the sound discretion of the trial court. See Bowen v. Brewer, 936 So.2d 757, 762 (Fla. 2d DCA 2006), review denied, 952 So.2d 1188 (Fla.2007); Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615, 618 (Fla. 4th DCA 2006). To exercise this discretion, the trial court must make "an inquiry into what the losing party knew or should have known during the fact-establishment process, both before and after suit is filed." Bowen, 936 So.2d at 763. Even when the lawsuit is dismissed in its early stages, the movant under section 57.105 is entitled to present evidence and establish a record for the purposes of demonstrating entitlement to attorney's fees. The failure of a trial court to consider a motion for award of section 57.105 attorney's fees merely because the lawsuit has been voluntarily dismissed is an abuse of discretion. We thus reverse the order appealed and remand for further proceedings consistent with this opinion.
Reversed and Remanded.
POLEN and TAYLOR, JJ., concur.