975 So.2d 531 (2008)
Rhonda NASSER, as Personal Representative of the Estate of Thelma A. Modesitt, Appellant,
v.
Joseph A. NASSER and George A. Nasser, Appellees.
No. 4D07-389.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Rehearing Denied March 20, 2008.
Mary Alice Gwynn of Mary Alice Gwynn, P.A., Delray Beach, for appellant.
Peter J. Forman and Norman A. Fleisher of Tescher Gutter Chaves Josepher Rubin Ruffin & Forman, P.A., Boca Raton, for appellee Joseph A. Nasser.
WARNER, J.
The personal representative of an estate appeals the trial court's denial of her motion to assess fees pursuant to section 57.105, Florida Statutes, in connection with a petition for estate administration. She also appeals an order taxing costs which did not include certain deposition costs. We affirm both the order denying fees and the denial of the deposition costs.
*532 As to the fees, the trial court determined that there were justiciable issues regarding the decedent's testamentary capacity when the appellee filed a caveat and later a declaration of adversary proceedings, and that the appellee had a right to investigate these issues. The award of attorney's fees under section 57.105 is a matter committed to the sound judicial discretion of the trial court and will not be disturbed on appeal, absent a showing of clear abuse of discretion. Hustad v. Architectural Studio, Inc., 958 So.2d 569, 571 (Fla. 4th DCA 2007); Turovets v. Khromov, 943 So.2d 246, 248 (Fla. 4th DCA 2006). No such showing is present. We have considered appellant's claims that the trial court applied the wrong standard in considering the motion and that it incorrectly rejected her claim that the appellee had no standing to file a caveat in these proceedings. We reject both contentions. We thus affirm the trial court's denial of attorney's fees.
As to the award of costs, appellant contends that the trial court erred in failing to tax as costs the expense of two depositions. Pursuant to the recently revised Uniform Guidelines for Taxation of Costs, deposition expenditures are included in the category of items that should be taxed. In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So.2d 612, 616 (Fla.2005). It is the moving party's burden to show that the requested costs were reasonably necessary to defend the case at the time the action precipitating the cost was taken. Id. During the hearing on the motion for attorney's fees and costs, it does not appear that there was ever any inquiry into whether the requested costs were reasonably necessary to defend the case at the time the action precipitating the cost was taken. As the appellant failed to meet her burden in the trial court to show that the requested costs were reasonably necessary, we must affirm the court's denial of these additional costs.
FARMER, J., and CONNER, BURTON C., Associate Judge, concur.