DAMOORGIAN, J.
 

 Edna Ramos Chue appeals the trial court’s denial of her Motion to Recover Attorney’s Fees and Tax Costs and Motions for Sanctions under section 57.105(1), Florida Statutes (2008). The standard for reviewing the denial of a motion for attorney’s fees under section 57.105(1) is clear abuse of discretion.
 
 Nasser v. Nasser,
 
 975 So.2d 531, 532 (Fla. 4th DCA 2008).
 

 This appeal arises out of a complaint filed by Richard S. Lehman, individually, and Richard S. Lehman, P.A. against Chue and several other defendants for abuse of process and civil conspiracy. Lehman alleged that Chue and the other defendants conspired to force him to resign as personal representative of The Estate of Wilson C. Lucom, and thereby obtain control of the estate through an abuse of the civil and criminal processes in Panama and the civil process in Florida.
 
 [1]
 
 Chue moved to dismiss the complaint on the grounds that it failed to state a cause of action for abuse of process and that she was not subject to personal jurisdiction in Florida. The trial court denied Chue’s motion with respect to the issue of failure to state a cause of action, writing that “[wjhile the mere filing of a complaint and having it issue, in and of itself does not constitute abuse of process, the complaint alleges misuse of that process subsequent (i.e. to extort actions) which well pled facts this court must accept as true.” The court deferred ruling on the personal jurisdiction issue and allowed jurisdictional discovery. Lehman subsequently amended his complaint and Chue moved to dismiss the amended complaint on the same grounds as she moved to dismiss the original complaint. Prior to the trial court ruling on Chue’s motion, Lehman voluntarily dismissed Chue from the suit.
 

 After she was dismissed from the suit, Chue moved for attorney’s fees pursuant to section 57.105(1).
 
 [2]
 
 The trial court denied her motion after an evidentiary hearing.
 

 On appeal, Chue argues that the trial court abused its discretion by denying her motion for attorney’s fees pursuant to section 57.105(1) because Lehman cannot state a claim for abuse of process under the precedent of this court. Lehman responds that Chue is attempting to circumvent the rules of appellate procedure by asking this court to review the denial of her motion to dismiss, even though that is not the order on appeal.
 

 On a motion for attorney’s fees pursuant to section 57.105(1), the trial court must make “ ‘an inquiry into what the losing party knew or should have known during the fact-establishment process, both before and after suit is filed.’ ”
 
 Hustad v. Architectural Studio, Inc.,
 
 958 So.2d 569, 571 (Fla. 4th DCA 2007) (quoting
 
 Bowen v. Brewer,
 
 936 So.2d 757, 762 (Fla. 2d DCA 2006)). To award attorney’s fees under section 57.105(1), the trial court
 
 *892
 
 must find that the action was “frivolous or so devoid of merit both on the facts and the law as to be completely untenable.”
 
 Murphy v. WISU Props., Ltd.,
 
 895 So.2d 1088,1093-94 (Fla. 3d DCA 2004);
 
 see also Hustad,
 
 958 So.2d at 570 (the mere dismissal of a lawsuit does not necessarily justify an award of attorney’s fees).
 

 Against this backdrop, our task is to determine whether the trial court abused its discretion in ruling that Lehman’s lawsuit was not frivolous; it is not to conduct a de novo review of Lehman’s complaint. Thus, we must consider the evidence presented at the evidentiary hearing concerning what Lehman and his attorney knew or should have known at that point in the litigation. After reviewing this evidence, we conclude that Lehman and his attorney provided testimony from which the trial court could have reasonably concluded that Lehman’s claim was not frivolous. Thus, the trial court did not abuse its discretion in denying Chue’s motion for attorney’s fees. Once again, however, we emphasize that we are not ruling on the sufficiency of Lehman’s complaint, and nothing in this opinion should be construed as such.
 

 We note that Lehman’s attorney testified that Lehman dismissed Chue from the suit for tactical reasons, but that he planned to go forward with the suit in the future. Our decision is based solely on the record before this court in
 
 this
 
 appeal, and does not bar Chue from seeking attorney’s fees in a future incarnation of this suit, should Chue discover and present additional evidence that Lehman’s claim is frivolous.
 

 Affirmed.
 

 MAY and CIKLIN, JJ„ concur.
 

 [1]
 

 . Chue, a Panamanian lawyer, was hired by Wilson C. Lucom’s widow, Hilda Piza Lucom, to represent her in the various estate proceedings.
 

 [2]
 

 . Chue also filed motions for sanctions pursuant to section 57.105(1) after each of her motions to dismiss. The trial court dealt with all three of the motions at the same time.