MORRIS, Judge.
State Farm Florida Insurance Company petitions for a writ of certiorari directed at the circuit court’s order denying State Farm’s motion for protective order. The underlying action is a first-party bad faith action brought by State Farm’s insureds, Robert and Marta Coburn. State Farm sought a protective order after the Co-burns served various discovery requests on State Farm. Because we do not believe that State Farm has demonstrated irreparable harm under the facts of this case, we deny the petition. However, as explained below, we do so without prejudice to State Farm’s having the opportunity to file a privilege log with the circuit court before producing the requested discovery.
State Farm objected to the Coburns’ discovery requests on the basis of over-breadth and burdensomeness (i.e., the scope of discovery), as well as on the basis of attorney-client privilege and the work product doctrine. State Farm argued in its petition that the circuit court departed from the essential requirements of law by failing to conduct an in-camera review to address its objections, but in their response, the Coburns argue that State Farm waived this issue by failing to file a privilege log or ask for an in-camera review below.
We do not believe that the facts of this case establish a waiver by State Farm. “ ‘[A] party is required to file a [privilege] log only if the information is otherwise discoverable,’ ” Morton Plant Hosp. Ass’n, Inc. v. Shahbas, 960 So.2d 820, 826 (Fla. 2d DCA 2007) (quoting Gosman v. Luzinski, 937 So.2d 293, 295 (Fla. 4th DCA 2006)), and until a circuit court rules on the scope of discovery objection, “the party responding to the discovery does not know what will fall into the category of discoverable documents,” Gosman, 937 So.2d at 296. Thus, prior to a ruling on a scope of discovery objection, “the obligation to file a privilege log does not arise.” Gosman, 937 So.2d at 296.
The circuit court’s order denying State Farm’s motion for protective order did not specifically address State Farm’s scope of discovery objections nor did the circuit court find that State Farm had waived any *712 of its assertions of privilege or protection.[1] We conclude that the general denial of State Farm’s motion was equivalent to a determination that all of the documents were “otherwise discoverable.” At that point, State Farm’s claims of privilege and protection under the work product doctrine became mature. See Allstate Indem. Co. v. Oser, 893 So.2d 675, 677-78 (Fla. 1st DCA 2005). Because Florida Rule of Civil Procedure 1.280 “does not provide a time limit for filing the [privilege] log,” Oser, 893 So.2d at 677, State Farm now has the ability to file a privilege log pointing to specific documents which it claims are protected by attorney-client privilege and/or the work product doctrine. Accordingly, our denial of the petition for writ of certio-rari is without prejudice to State Farm’s right to file a privilege log before producing the requested discovery.
Denied.
WALLACE and KHOUZAM, JJ, Concur.

. Further, nothing has been presented to this court indicating that the Coburns ever sought to compel production of the requested discovery on the basis that State Farm waived its assertions of privilege and protection.