NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JESSICA TEDROW, as parent and natural )
guardian of AMBER TEDROW; and )
JOSEPH R. BRYANT, )
                    )
         Petitioners, )
                    )
v. )     Case No. 2D15-3405
                    )
JIMMY J. CANNON, )
                    )
         Respondent. )
_____ )

Opinion filed February 19, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Paul L.
Huey, Judge.

Joseph R. Bryant, pro se, and for
Petitioners.

Andrew J. Mirabole, Tampa, and Dineen
Pashoukos Wasylik of DPW Legal, Tampa,
for Respondent.


MORRIS, Judge.

       Jessica Tedrow and her counsel, Joseph Bryant, seek certiorari review of

a nonfinal order compelling depositions and discovery for purposes of determining

whether Tedrow filed—and ultimately voluntarily dismissed—a lawsuit against Jimmy

Cannon that was not supported by the material facts or the existing law. See §

57.105(1), Fla. Stat. (2012). Tedrow and Bryant contend that the information sought by

Cannon is protected by the attorney-client and work-product privileges. We agree that

Cannon is not entitled to information protected by such privileges but deny the petition

without prejudice to Tedrow's and Bryant's right to assert the privileges in the circuit

court.

### I. Background

Jessica Tedrow filed an action in April 2013 against Cannon for strict

liability under section 767.04, Florida Statutes (2011), Florida's dog-bite statute. Tedrow

alleged that her daughter, Amber, was injured by Cannon's dog during a party at

Cannon's home in April 2012. Section 767.04 provides in relevant part that "[t]he owner

of any dog that bites any person . . . is liable for damages suffered by persons bitten."

But it also provides, relevant to this case, that if the owner "had displayed in a prominent

place on his or her premises a sign easily readable including the words 'Bad Dog,' " the

owner is only liable if "the damages are proximately caused by a negligent act or

omission of the owner." Id. In response to Tedrow's complaint, Cannon served Tedrow

with a letter and a copy of a motion for attorneys' fees pursuant to section 57.105,

alleging that Tedrow's complaint had no basis in law or fact, that Cannon "had displayed

in a prominent place an easily readable sign including the words, 'Bad Dog,' " and that

Tedrow's counsel was aware of this fact in November 2012. After twenty-one days had

passed, Cannon filed the motion for attorneys' fees with the circuit court. Cannon

answered the complaint in May 2013 and asserted that he could not be held strictly

liable under the statute because he had displayed a "Bad Dog" sign.

During discovery, Cannon submitted interrogatories to Tedrow and Amber seeking information regarding photographs or videotapes of the location of the incident. Cannon also issued subpoenas duces tecum for the depositions of Tedrow and Amber's father in September and October 2014, asking the deponents to bring with them copies of photographs or videotapes of the scene that may show the absence or presence of a "Beware of Dog" sign.

In August 2014, Tedrow filed a notice of voluntary dismissal without prejudice.[1]  In November 2014, Cannon filed a motion to compel the taking of depositions and discovery, citing his earlier-filed motion for attorneys' fees and alleging that discovery was necessary on the issue of whether Tedrow and Bryant acted in bad faith in filing the lawsuit.  Cannon specifically sought photographs of Cannon's property showing the absence of a "Beware of Dog" sign and depositions of counsel, Tedrow, Amber, and Amber's father.

In an order signed on January 27, 2015, the circuit court dismissed Tedrow's complaint without prejudice.  The order also dismissed the counterclaims and third-party claims that Cannon had filed against Tedrow and Amber's father.  On February 3, 2015, Cannon filed a motion for attorneys' fees and costs, citing his earlier-filed motion for attorneys' fees pursuant to section 57.105 and seeking fees on the basis of section 57.105 as well as a proposal for settlement.  The motion also asked the court to permit depositions on the issue of whether Tedrow's counsel acted in good faith in filing the lawsuit.

---

[1]The day before, Bryant filed a motion to withdraw as counsel for Tedrow, citing irreconcilable differences.

On April 2, 2015, the circuit court held a hearing on Cannon's motion to compel depositions and discovery.[2] On July 6, 2015, the circuit court signed an order granting Cannon's motion to compel and limiting the depositions "to the time frames and evidence prior to [the] filing of [the] lawsuit." The order also ordered Tedrow's counsel to "produce whatever photographs and other documents in his possession, which was the basis of the filing of this lawsuit against" Cannon. The circuit court cited Pino v. Bank of New York, 121 So. 3d 23 (Fla. 2013), for the proposition "that the 57.105 motions survives [sic] the dismissal of the case."

## II. Analysis

Tedrow and Bryant now seek certiorari review of the July 6, 2015, order.[3] They contend that Pino holds only that a circuit court retains jurisdiction to determine whether section 57.105 sanctions are appropriate following a voluntary dismissal without prejudice and that Pino does not authorize the taking of discovery from opposing party or her counsel. Tedrow and her counsel argue that such discovery violates the attorney-client and work-product privileges.

Relevant to this case, the Pino court held that "[a] notice of voluntary dismissal does not divest a trial court of jurisdiction to award sanctions under section 57.105 . . . even after a voluntary dismissal is taken." Id. at 41. The court went on to consider the twenty-one-day safe harbor provision of section 57.105(4) and held that

---

[2]Neither party has provided this court with a copy of the transcript of the hearing.

[3]In their petition, Tedrow and Bryant state that they waived fact work-product and provided Cannon with "photographs of the scene on the day of the dog attack." Thus, it appears that they are not challenging the portion of the order directing them to produce photographs to Cannon.

> [i]f the plaintiff does not file a notice of voluntary dismissal or withdraw the offending pleading within twenty-one days of a defendant's request for sanctions under section 57.105, the defendant may file the sanctions motion with the trial court, whereupon the trial court will have continuing jurisdiction to resolve the pending motion and to award attorney's fees under that provision if appropriate, regardless of the plaintiff's subsequent dismissal.

121 So. 3d at 42-43. The court held that because the plaintiff in that case had voluntarily dismissed the case within the twenty-one-day safe harbor period of section 57.105(4), "[s]anctions pursuant to section 57.105 were unavailable" to the defendant. Id. at 43.

According to Pino, section 57.105 fees may be available to Cannon because Tedrow did not voluntarily dismiss her complaint within twenty-one days of Cannon's first section 57.105 motion. But the Pino decision does not address whether the circuit court may allow discovery on the section 57.105 question.

Although not cited by either party, one case in Florida involved similar procedural facts. In Jackson v. York Hannover Nursing Centers, Inc., 853 So. 2d 598, 600 (Fla. 5th DCA 2003), a plaintiff filed a complaint for nursing home negligence and wrongful death. One count went to trial, and three counts were voluntarily dismissed the day before trial. The defendant filed a section 57.105 motion for fees "as a result of the voluntary dismissal of the last three counts of the complaint." Id. at 600. The defendant sought to depose the plaintiff's attorneys. The trial court permitted the depositions but "limited the scope of the depositions to the factual basis" for the three voluntarily dismissed counts. Id. at 601. The trial court also appointed a special master "presumably to resolve any work-product controversies that might arise during the depositions." Id.

The plaintiff sought certiorari review, but the district court treated the proceeding as an appeal of a nonfinal order entered after final judgment. The court applied the 1997 version of section 57.105(1), which provided for fees when "there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party." The court interpreted this language to require the moving party to "establish that the cause of action was so clearly untenable, or that its insufficiency was so manifest, that its frivolous character can be determined on a bare inspection of the record without argument or research." 853 So. 2d at 601-02 (citing Whitten v. Progressive Cas. Ins. Co., 410 So. 2d 501 (Fla. 1982)). The court concluded that a motion for section 57.105 fees did "not require additional discovery to determine whether a cause of action at its inception was completely untenable and frivolous" and that such discovery was "unnecessary because a determination should be based on the face of the prejudgment record." Id. at 602. The Fifth District accordingly reversed the order "to the extent it allow[ed] [the defendant] to take the depositions of the attorneys for the [plaintiff]." Id.

While Jackson is on point factually with this case, the holding in Jackson does not apply to this case because the holding is based on the earlier language of section 57.105. 853 So. 2d at 602 n.3 (noting that section 57.105 was amended in 1999). The 2011 version of section 57.105(1), which applies to this case, provides for fees when "the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial . . . [w]as not supported by the material facts necessary to establish the claim or defense[] or . . . [w]ould not be supported by the application of then-existing law to those material

facts." This language "broaden[s] the remedies that were previously available" under the statute. Wendy's of N.E. Fla. v. Vandergriff, 865 So. 2d 520, 523 (Fla. 1st DCA 2003). The newer statute "no longer requires a party to show a complete absence of a justiciable issue of fact or law[] but instead allows recovery of fees for any claims or defenses that are unsupported." Id. (citing cases).

Case law discussing the amended version of section 57.105 allows the trial court to look to more than just the complaint in determining entitlement to fees. The trial court may look to the record and should hold a full evidentiary hearing if necessary. See Mason v. Highlands Cty. Bd. of Cty. Comm'rs, 817 So. 2d 922, 923 (Fla. 2d DCA 2002) ("A finding that a party is entitled to recover attorney's fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney's fees or otherwise before the court and in the record. . . . [N]o substantial, competent evidence in support of the motion for fees was presented to the trial court or is contained in the record . . . ." (citation omitted)); Blue Inifiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015) (holding that because the record did not support claim for section 57.105 fees, "a full *evidentiary* hearing was necessary"); Ferdie v. Isaacson, 8 So. 3d 1246, 1250 (Fla. 4th DCA 2009) ("A trial court's decision under section 57.105(1) must be supported by competent substantial evidence; therefore, it follows that a full evidentiary hearing on the good faith issue is necessary."); Hustad, P.E. v. Architectural Studio, Inc., 958 So. 2d 569, 571 (Fla. 4th DCA 2007) ("Even when the lawsuit is dismissed in its early stages, the movant under section 57.105 is entitled to present evidence and establish a record for purposes of demonstrating entitlement to attorney's fees.").

Even though an evidentiary hearing is appropriate and Cannon may present evidence to support his claim for fees, he is not entitled to privileged information from Tedrow or her counsel in order to prove his claim for fees. Section 90.502, Florida Statutes (2011), protects communications between Tedrow and her counsel. "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." § 90.502(2). None of the exceptions to the privilege in section 90.502 apply in this case. See § 90.502(4) (listing five exceptions). "[T]he attorney-client privilege . . . is not concerned with the litigation needs of the opposing party." Genovese v. Provident Life & Accident Ins. Co., 74 So. 3d 1064, 1068 (Fla. 2011) (holding that "when an insured party brings a bad faith claim against its insurer, the insured may not discover those privileged communications that occurred between the insurer and its counsel during the underlying action" even though the "underlying claim materials are the evidence needed to determine whether an insurer acted in bad faith"). Tedrow and her counsel's communications may be relevant to Cannon's claim for fees, but "there is no exception provided under section 90.502 that allows the discovery of attorney-client privileged communications where the requesting party has demonstrated need and undue hardship." Genovese, 74 So. 3d at 1068; see also Tumelaire v. Naples Estates Homeowners Ass'n, Inc., 137 So. 3d 596, 598-99 (Fla. 2d DCA 2014) (granting certiorari and quashing order requiring plaintiff to disclose privileged information regarding her fee arrangement with her attorney even though defendant sought documents to prove an essential fact in its defense against plaintiff's claim); Quarles &

Brady, LLP v. Birdsall, 802 So. 2d 1205, 1206 (Fla. 2d DCA 2002) ("[U]ndue hardship is not an exception, nor is disclosure permitted because the opposing party claims that the privileged information is necessary to prove their case." (citations omitted)); Fla. Power & Light Co. v. Hicks, 162 So. 3d 1074, 1075-76 (Fla. 4th DCA 2015) (granting certiorari and quashing order requiring defendant to disclose privileged documents that were relevant to plaintiff's cause of action against defendant because "attorney-client privilege is not defeated by an opponent's showing of relevance and necessity" (citing Genovese, 74 So. 3d at 1068)).  In addition, opinion work product—which includes the attorney's mental impressions, conclusions, opinions, or theories concerning his client's case—is "absolutely, or nearly absolutely, privileged."  Butler v. Harter, 152 So. 3d 705, 712-13 (Fla. 1st DCA 2014) (quoting State v. Rabin, 495 So. 2d 257, 262 (Fla. 3d DCA 1986)).  Accordingly, Cannon is not entitled to discover any information from Tedrow, Amber, and her counsel that is protected by the attorney-client privilege or the opinion work-product privilege.[4]

In response to the petition for certiorari, Cannon claims that Tedrow failed to file a privilege log as required by Florida Rule of Civil Procedure 1.280(b)(6).  A party is required to file a privilege log when the party claims that information sought in

---

[4]We note that in defense of a claim for section 57.105 fees, an attorney may choose to present evidence that he or she "acted in good faith, based on the representations of his or her client as to the existence of those material facts."  § 57.105(3)(b); see generally Blue Infiniti, LLC, 170 So. 3d at 140 (holding that when opposing counsel appeared at hearing wishing to testify regarding the section 57.105 issue, trial court erred in ordering fees without allowing him to testify); Chue v. Lehman, 21 So. 3d 890, 892 (Fla. 4th DCA 2009) ("[W]e must consider the evidence presented at the evidentiary hearing concerning what [the plaintiff] and his attorney knew or should have known at that point in the litigation.  After reviewing this evidence, we conclude that Lehman and his attorney provided testimony from which the trial court could have reasonably concluded that Lehman's claim was not frivolous.").

discovery is protected by privilege.  Morton Plant Hosp. Ass'n v. Shahbas ex rel. Shahbas, 960 So. 2d 820, 826 (Fla. 2d DCA 2007).  "Although waiver of the attorney-client privilege and work-product privileges is not favored in Florida, the rule is mandatory and a waiver can be found by failure to file a privilege log."  Id. (quoting Gosman v. Luzinski, 937 So. 2d 293, 295 (Fla. 4th DCA 2006)).  But the party claiming privilege is only required to file such a log after the trial court has made the preliminary determination that the information sought is otherwise discoverable.  See State Farm Fla. Ins. Co. v. Coburn, 136 So. 3d 711, 711 (Fla. 2d DCA 2014) (citing Morton Plant Hosp. Ass'n, 960 So. 2d at 826).

Tedrow filed a memorandum in opposition to Cannon's motion for sanctions, but Tedrow did not raise the issues of attorney-client or work-product privileges.  And it does not appear from the appendices submitted to this court that Tedrow filed any objection, privilege log, or motion for protective order after Cannon filed his motion to compel depositions.  Further, Tedrow did not provide a transcript of the hearing before the circuit court on April 2, 2015.  Based on the limited record before this court and the circuit court's basic ruling compelling discovery, we cannot conclude that the circuit court made a ruling on the privileged nature of the information or that the circuit court departed from the essential requirements of law in doing so.  We treat the circuit court's order as a preliminary ruling that the information is discoverable, noting that Tedrow and Bryant may assert the privileges prior to the depositions.  Accordingly, we deny Tedrow's petition for writ of certiorari.  Cf. Coburn, 136 So. 3d at 711-712 (denying certiorari where trial court's order did not specifically rule on party's assertions of privilege or protection and trial court's denial was considered the "equivalent to a

determination that all of the documents were 'otherwise discoverable' "; party could later file a privilege log asserting the privileges before producing the discovery); Morton Plant Hosp. Ass'n, 960 So. 2d at 826 (declining to address the work-product privilege where no privilege log was filed and trial court did not rule on that issue but holding that party could file privilege log after information had been ruled otherwise discoverable).

Denied.


SILBERMAN and BADALAMENTI, JJ., Concur.