NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BOB GUALTIERI, in his official capacity )
as Sheriff of Pinellas County, )
          )
    Appellant, )
          )
v. )   Case No. 2D15-2112
          )
TIMMIE LEIGH KEYSER, Individually, )
and as Personal Representative of the )
Estate of RICHARD N. KEYSER, )
deceased, )
          )
    Appellee. )
_____)

Opinion filed May 31, 2017.

Appeal from the Circuit Court for
Pinellas County; Bruce Boyer, Judge.

Della M. Connolly, Largo, for Appellant.

Joel D. Eaton of Podhurst Orseck, P.A.,
Miami, and Brennan, Holden &
Kavouklis, P.A., Tampa, for Appellee.


KELLY, Judge.

    Pinellas County Sheriff, Bob Gualtieri, appeals from the final judgment

awarding costs to Timmie Leigh Keyser. The Sheriff challenges two aspects of the

award – the cost of digital video editing and the fees awarded to six experts. We agree

the trial court should not have awarded these costs and therefore reverse and remand with directions to strike those portions of the cost judgment.

After prevailing at trial, Keyser filed a motion to tax costs. The Sheriff filed a detailed response to the cost motion listing each individual cost item Keyser sought to recover, the amount of the item, and the Sheriff's specific objection, if any, to each item. At the first hearing on the cost motion, the trial court determined Keyser was entitled to recover her costs, but it set another hearing to determine which costs she could recover. Both in his objections and at the initial hearing the Sheriff advised the trial court and opposing counsel of the need for an evidentiary hearing regarding reasonableness of the expert witness fees. The Sheriff also explained in detail why Keyser had not met her burden to show the video editing costs were reasonably necessary. However, when the parties appeared for the second cost hearing, Keyser offered no evidence in support of any of these requests.

The Statewide Uniform Guidelines for Taxation of Costs requires the party requesting costs to demonstrate the cost was "reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken." In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So. 2d 612, 614 (Fla. 2005). The Sheriff argues Keyser did not meet her burden to show the video editing was reasonably necessary to prosecute the action. We agree. See Nasser v. Nasser, 975 So. 2d 531, 532 (Fla. 4th DCA 2008) (affirming the denial of costs of depositions where the moving party failed to meet her burden in the trial court to show that the requested costs were reasonably necessary); cf. Winter Park Imps., Inc. v. JM Family Enters., Inc., 77 So. 3d 227, 231-32 (Fla. 5th DCA 2011) (affirming costs for certain transcripts and

depositions where lead counsel testified via affidavit and without objection as to the reasonableness and necessity of the costs). Accordingly, this portion of the cost award must be stricken.

The Guidelines allow a party to recover a reasonable fee for expert testimony. "[U]pon the specific objection to the setting of an expert witness fee without an evidentiary hearing, the prevailing party will have to present testimony concerning the necessity and reasonableness of the fee." Lafferty v. Lafferty, 413 So. 2d 170, 171 (Fla. 2d DCA 1982). In his written response to Keyser's cost motion and at the first cost hearing the Sheriff made his objection to Keyser's expert witness fees known. He argued repeatedly that Keyser had the burden to prove the reasonableness and necessity of the six experts' fees and, citing Lafferty, he argued she had to do so by offering testimony at an evidentiary hearing. At every turn the Sheriff made it known that he objected to setting the experts' fees without an evidentiary hearing. Because Keyser, even in the face of the Sheriff's objections, failed to offer any testimony whatsoever in support of her request for expert witness fees, the fees for those experts must also be stricken from the cost judgment.

Reversed and remanded for entry of a cost judgment consistent with this opinion.

CASANUEVA and CRENSHAW, JJ., Concur.