DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIM RENEE ROBERTS,**
Appellant,

v.

**THIRD PALM, LLC,** a Delaware Limited Liability Company; and
**RIVIERA BEACH INVESTORS, LLC,** a Florida Limited Liability
Company,
Appellees.

Nos. 4D19-989 and 4D19-2023

[July 29, 2020]

Consolidated appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 50-2017-CA-003547-XXXX-MB.

John R. Whittles and Elizabeth F. Olds of Mathison Whittles, LLP, Palm Beach Gardens, for appellant.

Kristin M. Ahr of Nelson Mullins Broad and Cassel, West Palm Beach, for appellees.

PER CURIAM.

This appeal and cross-appeal arise out of a real estate agent's attempt to obtain compensation from a developer of a condominium project for services and advice she alleged she provided to the developer. The trial court entered summary judgment in favor of the defense based in part on a statute providing that a sales associate may only sue an employer when seeking compensation related to a brokerage transaction. The appellant was employed by the real estate broker retained by the developer. We find the trial court erred in relying in part on the statute, as the appellant's causes of action were not based on activities that are encompassed by the statute. *See generally Schickedanz Bros.-Riviera, Ltd. v. Harris*, 800 So. 2d 608, 610-11 (Fla. 2001). But we affirm the summary judgment because the summary judgment evidence established that there was no genuine issue of material fact and the appellees were entitled to summary judgment as a matter of law.

As for the cross-appeal, we find no merit to the appellees' argument that the trial court erred in finding the appellees' offer of judgment was an impermissible joint offer. However, we reverse the trial court's summary denial of the appellees' request for costs.

After securing a summary judgment in its favor, the appellees filed a motion to determine entitlement to fees and costs. As to costs, the appellees filed an affidavit of costs that listed the costs sought to be reimbursed and asserted the costs were reasonable and necessary. In a response, the appellant disputed that the costs were "reasonably necessary to prosecute the claim and were in fact incurred." A hearing was held on entitlement to attorney's fees and costs, but the parties and trial court focused on the fees issue. Subsequently, the trial court denied the motion for fees and costs. The written order contains a citation that is relevant to the fees issue but contains no elaboration as to why the court found no entitlement to costs.

Section 57.041(1), Florida Statutes (2017), provides in pertinent part that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." Where costs are sought based on section 57.041(1), a trial court has no discretion to deny the party obtaining judgment its lawful costs. *Land & Sea Petroleum, Inc. v. Business Specialists, Inc.*, 53 So. 3d 348, 356 (Fla. 4th DCA 2011). However, it does have discretion with respect to the amount and types of costs appropriate in the action. *See Oriental Imports, Inc. v. Alilin*, 559 So. 2d 442, 443 (Fla. 5th DCA 1990). Guidelines have been established by the Florida Supreme Court to assist the trial court in exercising that discretion. *See In re Amendments to Unif. Guidelines for Taxation of Costs*, 915 So. 2d 612 (Fla. 2005).

When a party makes an issue of the reasonableness of the costs, the party seeking the costs has the burden of establishing the reasonableness of the costs. *See Gaultieri v. Keyser*, 219 So. 3d 972, 973 (Fla. 2d DCA 2017) (finding that where party opposing motion for costs makes it known that he objects to reasonableness of costs, trial court erred in awarding such costs without any testimony regarding reasonableness of costs); *Nasser v. Nasser*, 975 So. 2d 531, 532 (Fla. 4th DCA 2008) ("It is the moving party's burden to show that the requested costs were reasonably necessary to defend the case at the time the action precipitating the cost was taken." (citing *In re Amendments to Unif. Guidelines for Taxation of Costs*, 915 So. 2d at 616)).

Here, the trial court erred in finding no entitlement to costs after the appellees recovered judgment in their favor. We reverse and remand for

the trial court to hold an evidentiary hearing on the reasonableness of the costs sought by the appellees.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, CONNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***