802 So.2d 1205 (2002)
QUARLES & BRADY, LLP, and James T. Demarest, Petitioners,
v.
Mireya Prio BIRDSALL and William Birdsall, Respondents.
No. 2D01-2400.
District Court of Appeal of Florida, Second District.
January 9, 2002.
Rodney W. Morgan and Tricia B. Valles of Hahn, Morgan & Lamb, P.A., Tampa, for Petitioners.
Gary L. Green and Michael R.N. McDonnell of McDonnell Green Trial Lawyers, Naples, for Respondents.
BLUE, Chief Judge.
The law firm of Quarles & Brady, LLP, and attorney James T. Demarest petition for a writ of certiorari to quash the trial court's order that compels Nancy *1206 Jarvi to answer a deposition question over the objection of attorney-client privilege. Certiorari is the proper method to seek review of this order. See Robichaud v. Kennedy, 711 So.2d 186 (Fla. 2d DCA 1998). Because the trial court's order was a departure from the essential requirements of law for which no adequate remedy exists on plenary appeal, we grant the petition.
Mireya Prio Birdsall and William Birdsall have filed a legal malpractice action against the law firm and Demarest. They alleged that Demarest represented them in a medical malpractice action and allowed the statute of limitations to expire. Demarest is the only attorney named specifically in the complaint. Nancy Jarvi, a secretary with the law firm, was deposed by the Birdsalls.
Jarvi stated that she had no knowledge of the legal malpractice case against Demarest and the firm until her deposition was requested. Since that time, she had not discussed the lawsuit with anyone from the firm except Robin Doyle. Doyle was Demarest's supervising partner and initially represented the law firm in this case. Jarvi testified that she discussed the case with him "in preparation for the deposition." In response to the follow-up question "What was discussed in that conversation?" the attorney-client privilege was invoked and Jarvi did not answer.
The Birdsalls filed a motion to compel Jarvi to answer the question regarding what was discussed in her predeposition conversation with Doyle. The motion stated: "Robin Doyle is clearly an important witness in this case. Any conversations between himself and Ms. Jarvi are therefore not protected by the attorney-client privilege." The trial court granted the motion. We now quash that order.
Section 90.502, Florida Statutes (2001), states that "[a] communication between lawyer and client is `confidential' if it is not intended to be disclosed to third persons other than: (1) Those to whom disclosure is in furtherance of the rendition of legal services to the client. (2) Those reasonably necessary for the transmission of the communication." Section 90.502(4) states five exceptions to the privilege. Privileged communications are not discoverable unless one of the statutory exceptions applies. Haskell Co. v. Ga. Pac. Corp., 684 So.2d 297 (Fla. 5th DCA 1996). None of the exceptions were cited by the Birdsalls in their motion to compel.
The motion stated only that Doyle is an important witness in the case. But undue hardship is not an exception, Nat'l Sec. Fire & Cas. Co. v. Dunn, 705 So.2d 605 (Fla. 5th DCA 1997), nor is disclosure permitted because the opposing party claims that the privileged information is necessary to prove their case, Volpe v. Conroy, Simberg & Ganon, P.A., 720 So.2d 537 (Fla. 4th DCA 1998). Accordingly, we grant the petition for a writ of certiorari and quash the order on review.
NORTHCUTT and GREEN, JJ., Concur.