837 So.2d 1130 (2003)
IDS LONG DISTANCE, INC., a Florida corporation, IDS Telcom, IDS Telcom, LLC, a Florida limited liability company, and Joan M. Canny, Esq., Petitioners,
v.
Phyllis HEIFFER, Telecomstart.Com, Inc., a Florida corporation, and Teresa Grosso, an individual, Respondents.
No. 4D02-3164.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Eugene E. Stearns and Mimi L. Sall of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, for petitioners.
Franklin L. Zemel and John M. Cooney of Broad and Cassel, Fort Lauderdale, for respondent, Phyllis Heiffer.
*1131 M. Glenn Curran, III of Curran & Curran, Fort Lauderdale, for respondents, Telecomsmart.com, Inc., and Teresa Grosso.
PER CURIAM.
Somehow this case has gotten terribly off track. The suit began with a claim for breach of employment contract, which generated a counterclaim for breach of a covenant not to compete. Discovery ensued. At some point, petitioner, IDS Long Distance, Inc. (IDS), arranged for depositions of respondents's customers, who had previously been customers of IDS. It then came to light that IDS had agreed to cancel a deponent's deposition upon the deponent's agreement to return to IDS as a customer. This came to the attention of the trial judge, who understandably began to inquire into whether discovery was being abused.
At this point, things went astray. The parties asked for more discovery, this time limited to the issue of discovery abuse. This request operated on the questionable assumption that it is okay to utilize more discovery to see whether the discovery already done has been abused. Nonetheless, the trial judge allowed it, and this additional discovery, in turn, led to still more depositions. As before, objections aboundedsome being based on an assertion of the attorney-client privilegeand witnesses were instructed not to answer questions. Again the issue of discovery abuse came back before the trial judge.
After a hearing, the trial judge announced a decision that IDS had indeed abused discovery and imposed sanctions. In addition, the judge found that the attorney-client privilege did not apply to certain questions asked at a deposition. Later, the judge entered the July 24, 2002 written order for which IDS seeks certiorari review.
IDS contends that the scope of the order extends to "any and all questions that may be asked by [respondent] Heiffer at future depositions." However, the scope of the order is limited to depositions taken in connection with Heiffer's motion to restrain harassment arising from IDS's purported use of discovery tools to coerce business away from Heiffer.
We agree with the trial court's conclusion that the attorney-client privilege did not apply to the four questions asked at the deposition and set forth at pages eight and fifteen of the order, and that sanctions were appropriate.
We agree with IDS that the trial court's application of the crime-fraud exception was not preceded by the evidentiary hearing contemplated by American Tobacco Co. v. State, 697 So.2d 1249 (Fla. 4th DCA 1997). The July 16 hearing was not such a hearing. The "sword and shield" doctrine is not applicable here. IDS did not waive anything by implication; it was not basing any of its claims on the matters for which it seeks to invoke the privilege. We therefore quash that portion of the order finding that IDS could not invoke the attorney-client privilege in depositions directed at the discovery abuse issue.
As to the remaining matters raised in the petition concerning the imposition of attorney's fees and other sanctions, we find that they are not subject to certiorari review. See, e.g., State Farm Mut. Auto. Ins. Co. v. Bravender, 700 So.2d 796 (Fla. 4th DCA 1997) (holding that order assessing $300 in attorney's fees for discovery misconduct is not reviewable by certiorari). We note that the trial judge has very broad discretion to fashion sanctions for the type of discovery abuse that appears in this record. This case may very well be a paradigm for what is wrong with civil discovery. The patience of Job would have *1132 been sorely tried by what has transpired here.
We quash only that portion of the order finding "no attorney-client privilege exists between IDS and their counsel," "the crime-fraud exception applies to work product of IDS and their counsel," and "because IDS has affirmatively placed information protected by the attorney-client privilege at issue, IDS is precluded from asserting attorney-client privilege to prevent discovery of such information." Nothing in our ruling precludes the trial court from finding that the crime-fraud exception applies after an evidentiary hearing.
Writ granted in part, dismissed in part.
FARMER, SHAHOOD and GROSS, JJ., concur.