PER CURIAM.
The Walanpatrias Foundation (the Foundation), a defendant below, seeks review of a non-final order finding that the plaintiff, AMP Services Limited (AMP), presented a prima facie case that the crime-fraud exception to the attorney-client privilege applied and ordering delivery to the court of the documents on the Foundation’s privilege log, for in camera inspection. We grant the petition in part.
The challenged order provides that any documents on the privilege log which dis *905 cuss[1] the perpetuation of a crime or fraud by misleading the court and others would be released immediately to AMP, without making provision for any further hearing or order.
As the Foundation points out, this procedure is defective in that it does not allow it the opportunity to present evidence to rebut the trial court’s conclusion as to any particular document selected by the trial court for release. No eviden-tiary hearing is required before the in camera inspection, nor does the record reflect that the Foundation requested one; for this purpose, “it would be sufficient for the trial court, in its discretion, to consider only the presentation made by the party challenging the privilege.” Am. Tobacco Co. v. State, 697 So.2d 1249, 1255 (Fla. 4th DCA 1997) (quoting Haines v. Liggett Group, Inc., 975 F.2d 81, 96 (3d Cir.1992)). However, prior to disclosure to the other sides, the party defending the privilege must be “given the opportunity to be heard, by evidence and argument, at the hearing seeking an exception to the privilege.” Id. at 1255 (citing Haines, 975 F.2d at 97). See also IDS Long Distance v. Heiffer, 837 So.2d 1130, 1131 (Fla. 4th DCA 2003) (quashing portion of order applying crime/fraud exception to attorney-client privilege without the evidentiary hearing contemplated by American Tobacco)-, Butler, Pappas, Weihmuller, Katz, Craig, LLP v. Coral Reef of Key Biscayne Developers, Inc., 873 So.2d 339, 342 (Fla. 3d DCA 2003) (explaining that if trial court determines crime-fraud exception applies, then client is entitled to evidentiary hearing where client would carry burden of persuasion to give a reasonable explanation for its communication or conduct), rev. dismissed, 881 So.2d 1111 (Fla.2004). This evidentiary hearing has been omitted by the terms of the trial court’s order.
Second, this procedure is defective in that the order provides for an immediate turning over of the documents by the judge to AMP, without further opportunity for appellate review of the judge’s decision following the in camera inspection. Ordinarily, “an order requiring production for an in camera inspection cannot display the appropriate characteristic of permanent harm because a remedy is available if and when the trial court enters a further order (after in camera inspection) requiring dissemination of the protected matter to the appropriate party or parties.” Cebrian by and Through Cebrian v. Klein, 614 So.2d 1209, 1210 (Fla. 4th DCA 1993). That remedy is lacking under the terms of the order under review. Compare In re Grand Jury Subpoena, 190 F.3d 375, 388 (5th Cir.1999) (providing that when trial court orders production of documents following in camera review, it should provide the individual who submitted them an opportunity to comply or stand in contempt, a procedure which secures to the individual an avenue of immediate review of the order).
However, we find the trial court did not depart from the essential requirements of law in determining that AMP presented a prima facie case that the crime-fraud exception to the attorney-client privilege applied, sufficient to justify an in camera inspection.
Accordingly, we quash only that portion of the order on review that provides for the immediate release of documents to AMP without allowing the Foundation an opportunity to (1) present evidence and *906 argument on the question of disclosure of particular documents; and (2) seek appellate review in the event the disclosure of any specific documents is ordered.

Granted in part; Denied in part.

SHAHOOD, C.J., FARMER and KLEIN, JJ., concur.

. Inter alia, the Foundation argues the trial court departed in applying the wrong standard when it indicated that a document would be produced as falling within the exception if it merely discussed, rather than furthered, a crime or fraud. As the in camera inspection has not yet occurred, we find this issue is not yet ripe for review.