PER CURIAM.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Provident Life & Accident Insurance Co. v. Genovese, 943 So.2d 321 (Fla. 4th DCA 2006). In its decision the district court ruled upon the following question that the court certified to be of great public importance:
DOES THE FLORIDA SUPREME COURT’S HOLDING IN ALLSTATE INDEMNITY CO. V. RUIZ, 899 So.2d 1121 (Fla.2005), RELATING TO DISCOVERY OF WORK PRODUCT IN FIRST-PARTY BAD FAITH ACTIONS BROUGHT PURSUANT TO SECTION 624.155, FLORIDA STATUTES, ALSO APPLY TO ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS IN THE SAME CIRCUMSTANCES?
Id. at 323. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Our decision is limited to the subject of the certified ques *1066 tion. For the reasons discussed below, we answer the certified question in the negative and approve the portion of the Fourth District’s decision precluding the discovery of attorney-client privileged information in this first-party bad faith action.
STATEMENT OF THE CASE AND FACTS
The instant action arises from the decision of the Fourth District of Appeal in Provident Life & Accident Insurance Co. v. Genovese, 943 So.2d 321 (Fla. 4th DCA 2006). The facts of the underlying action are as follows. Peter Genovese brought a statutory first-party bad faith action against Provident Life and Accident Insurance Company (“Provident”) after Provident terminated the monthly payments under Genovese’s disability income policy. Following commencement of the bad faith suit, Genovese requested production of Provident’s entire litigation file, including all correspondence and communications made between the attorneys representing Provident and Provident’s agents regarding Genovese’s claims for benefits. The trial court issued an order compelling production of the documents. Subsequently, Provident filed a petition for writ of certio-rari, asking the Fourth District to quash the trial court’s order. Provident argued in part that this Court’s decision in Ruiz did not allow for the discovery of documents protected by the attorney-client privilege.
The district court granted the petition as to the information covered by the attorney-client privilege, quashed the trial court’s order compelling discovery of documents protected by the attorney-client privilege, and remanded for further proceedings. In doing so, the district court cited its decision in Liberty Mutual Fire Insurance Co. v. Bennett, 939 So.2d 1113 (Fla. 4th DCA 2006), and the First District Court of Appeal’s decision in XL Specialty Insurance Co. v. Aircraft Holdings, LLC, 929 So.2d 578 (Fla. 1st DCA 2006). Genovese, 943 So.2d at 322-23. The Fourth District also certified the above question to be of great public importance.
ANALYSIS
The certified question asks whether our holding in Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121 (Fla.2005), permitting the discovery of work product in first-party bad faith actions brought pursuant to section 624.155, Florida Statutes (2010), also applies to attorney-client privileged communications in the first-party bad faith context. Because of the uniqueness of the attorney-client privilege, we answer the certified question in the negative and hold that attorney-client privileged communications are not discoverable in a first-party action.
Section 624.155, Florida Statutes, enacted in 1982, created a statutory bad faith cause of action for first-party insureds. The enactment of section 624.155 “essentially extended the duty of an insurer to act in good faith and deal fairly in those instances where an insured seeks first-party coverage or benefits under a policy of insurance.” Ruiz, 899 So.2d at 1126 (citing State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 59 (Fla.1995)). Thus, an insured may bring a civil action against an insurer who does not attempt “in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.” § 624.155(l)(b)(l), Fla. Stat. (2010).
In Ruiz, we held that in first-party bad faith actions brought pursuant to section 624.155, work product materials were discoverable. At the outset, the first sentence of our opinion in Ruiz makes it clear *1067 that the only issue involved in that case was the work product doctrine. In Ruiz, we reviewed the decision of the Fourth District Court of Appeal in Allstate Indemnity Co. v. Ruiz, 780 So.2d 289 (Fla. 4th DCA 2001), “which expressly and directly eonflict[ed] with a number of cases from other district courts with regard to issues concerning application of work product privilege to shield documents from discovery in the insurance bad faith context.” Ruiz, 899 So.2d at 1122. In concluding that work product materials were discoverable in first-party bad faith actions, we then defined such work product as materials “contained in the underlying claim and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages.” Id. at 1129-30. Moreover, following this description, we cited Florida Rule of Civil Procedure 1.280(b), which is the rule governing the work product doctrine. Thus, based on a reading of our language in Ruiz, it is clear that the only issue being decided in Ruiz was the discovery of work product pertaining to the underlying claim in first-party bad faith actions. However, Genovese suggests that although the facts of Ruiz only concerned the work product doctrine, we held broadly that both attorney-client communications and work product should be discoverable in first-party bad faith claims against insurers. Contrary to Ge-novese’s suggestion, our holding in Ruiz does not apply to attorney-client privileged communications in first-party bad faith actions.
The attorney-client privilege and work product doctrine are two distinct concepts. The attorney-client privilege is provided for in section 90.502, Florida Statutes (2010), which states that “[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” § 90.502(2), Fla. Stat. (2010). “The purpose of the [attorney-client] privilege is to encourage clients to make full disclosure to their attorneys.” Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). However, the privilege “protects only those disclosures necessary to obtain informed legal advice.” Id. “[I]f a communication with a lawyer is not made with him in his professional capacity as a lawyer, no privilege attaches.” State v. Branham, 952 So.2d 618, 621 (Fla. 2d DCA 2007) (quoting Skorman v. Hovnanian of Fla., Inc., 382 So.2d 1376, 1378 (Fla. 4th DCA 1980)).
On the other hand, the work product doctrine is outlined in Florida Rule of Civil Procedure 1.280(b)(3), which states that
a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative, including that party’s attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
*1068 Part of the purpose of discovery is to “provide each party with all available sources of proof as early as possible to facilitate trial preparation.” Dodson v. Persell, 390 So.2d 704, 706 (Fla.1980).
Issues regarding the discovery of work product and attorney-client privileged materials in the context of bad faith claims have arisen because of the requirements a party must satisfy to pursue a bad faith action against an insurance company. In order for a party to bring a bad faith claim against an insurer, there must be an “underlying claim for coverage or benefits or an action for damages which the insured alleges was handled in bad faith by the insurer.” Ruiz, 899 So.2d at 1124. Consequently, the underlying claim materials are the evidence needed to determine whether an insurer acted in bad faith, which raises the issue of what materials are discoverable in bad faith actions. Because the underlying claim materials are “necessary to advance [a first-party bad faith] action ... [and] evaluate the allegations of bad faith,” see Ruiz, 899 So.2d at 1128-29, the materials fall within the confines of the exception to the work-product doctrine, and thus are discoverable.
On the other hand, the attorney-client privilege, unlike the work-product doctrine, is not concerned with the litigation needs of the opposing party. See Quarles & Brady, LLP v. Birdsall, 802 So.2d 1205, 1206 (Fla. 2d DCA 2002) (“[U]ndue hardship is not an exception, nor is disclosure permitted because the opposing party claims that the privileged information is necessary to prove their case”) (citation omitted); see also West Bend Mutual Ins. Co. v. Higgins, 9 So.3d 655, 658 (Fla. 5th DCA 2009). Instead, the purpose of the privilege is to “encourage full and frank communication” between the attorney and the client. Id. at 657 (quoting Am. Tobacco v. State, 697 So.2d 1249, 1252 (Fla. 4th DCA 1997)). This significant goal of the privilege would be severely hampered if an insurer were aware that its communications with its attorney, which were not intended to be disclosed, could be revealed upon request by the insured. Moreover, we note that there is no exception provided under section 90.502 that allows the discovery of attorney-client privileged communications where the requesting party has demonstrated need and undue hardship.
Therefore, although we held in Ruiz that attorney work product in first-party bad faith actions was discoverable, this holding does not extend to attorney-client privileged communications. Consequently, when an insured party brings a bad faith claim against its insurer, the insured may not discover those privileged communications that occurred between the insurer and its counsel during the underlying action.
Although we conclude that the attorney-client privilege applies, we recognize that cases may arise where an insurer has hired an attorney to both investigate the underlying claim and render legal advice. Thus, the materials requested by the opposing party may implicate both the work product doctrine and the attorney-client privilege. Where a claim of privilege is asserted, the trial court should conduct an in-camera inspection to determine whether the sought-after materials are truly protected by the attorney-client privilege. If the trial court determines that the investigation performed by the attorney resulted in the preparation of materials that are required to be disclosed pursuant to Ruiz and did not involve the rendering of legal advice, then that material is discoverable.
Moreover, our opinion in this case is not intended to undermine any statutory *1069 or judicially created waiver or exception to the privilege. Specifically, we note that under the “at issue” doctrine, the discovery of attorney-client privileged communications between an insurer and its counsel is permitted where the insurer raises the advice of its counsel as a defense in the action and the communication is necessary to establish the defense. See Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So.2d 504, 510 (Fla. 2d DCA 2006); see also Savino v. Luciano, 92 So.2d 817, 819 (Fla.1957) (“[W]hen a party has filed a claim, based upon a matter ordinarily privileged, the proof of which will necessarily require that the privileged matter be offered in evidence, we think that he has waived his right to insist, in pretrial discovery proceedings, that the matter is privileged.”). Thus, we acknowledge that the attorney-client privilege may also be overcome in first-party bad faith actions in limited circumstances, although we emphasize that attorney-client privileged communications are not the discoverable materials discussed by our opinion in Ruiz.
CONCLUSION
For the reasons explained above, we answer the certified question in the negative and hold that the attorney-client privilege is applicable in the first-party bad faith context. Accordingly, we approve the portion of the Fourth District Court of Appeal’s decision precluding the discovery of attorney-client privileged information in this first-party bad faith action.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., specially concurs with an opinion, in which LEWIS, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in result only.