KHOUZAM, Judge.
Louisa Tumelaire has filed a petition for writ of certiorari seeking review of a nonfi-nal circuit court order addressing various discovery issues. We grant the petition in part and deny it in part.
Tumelaire is a resident of Naples Estates, a mobile home park, and a member of the Naples Estates Homeowner’s Association, Inc. (HOA). In the underlying action, she filed a complaint against the HOA, raising various allegations against the board of directors and requesting an accounting. The HOA responded that Tu-melaire was not entitled to the documents because she was an agent for the park owner. The HOA and the park owner have been involved in litigation for fifteen years, and the HOA suspected that Tume-laire was trying to gain access to its documents for the park owner’s benefit.
The HOA moved to compel Tumelaire to disclose information on her fee arrangements with her attorney and her accountant as well as an unredacted copy of an email sent from her attorney to the park owner’s attorney. Tumelaire filed a motion for protective order, seeking to prevent the HOA from asking her questions about who was paying her legal and accounting fees and how she came to hire her attorney. Following two hearings, the court entered an order granting the HOA’s motions to compel and denying Tume-laire’s motion for protective order.[1] Tu-melaire seeks review of these decisions.
On a petition for writ of certiora-ri, this court must determine whether the trial court departed from the essential requirements of the law. Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855, 856 (Fla. 2d DCA 1997). Because the trial court has broad discretion to make decisions regarding discovery, an order allowing discovery should only be set aside on certiorari review if it “constitutes an abuse of discretion which would cause irreparable damage which cannot be remedied on appeal.” Id. Here, Tumelaire argues that the court departed from the essential requirements of the law by allowing discovery of communications and documents that should be protected by attorney-client privilege and work-product privilege. She also claims that disclosure of this information would cause irreparable harm that cannot be remedied on appeal.
As to the information on the fee arrangement between Tumelaire and her attorney, this information is indeed protected by attorney-client privilege. Pursu *599 ant to section 90.502(2), Florida Statutes (2013), “[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” “The identity of a client and payment of a fee appear to be within the ambit of the statutory privilege and are not expressly or impliedly excluded exceptions.” Corry v. Meggs, 498 So.2d 508, 511 (Fla. 1st DCA 1986). Thus, “such matters are intended to be confidential and do constitute confidential communications.” Id. Billing records also contain information covered by attorney-client privilege. HCA Health Sens, of Fla., Inc. v. Hillman, 870 So.2d 104, 107 (Fla. 2d DCA 2003).
“[T]he attorney-client privilege, unlike the work-product doctrine, is not concerned with the litigation needs of the opposing party.” Genovese v. Provident Life & Accident Ins. Co., 74 So.3d 1064, 1068 (Fla.2011). “‘[UJndue hardship is not an exception, nor is disclosure permitted because the opposing party claims that the privileged information is necessary to prove their ease.’” Id. (quoting Quarles & Brady, LLP v. Birdsall, 802 So.2d 1205, 1206 (Fla. 2d DCA 2002)). Thus, we conclude that the court in this case departed from the essential requirements of the law by ordering the information on Tumelaire’s attorney’s fees to be disclosed to the HOA. Disclosure of this confidential information would cause Tumelaire irreparable injury. See Hillman, 870 So.2d at 107 (“In certio-rari review, material protected by privilege or work product is the kind of information that ‘may reasonably cause material injury of an irreparable nature.’ ” (quoting Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995))). Accordingly, we quash the portion of the circuit court’s order requiring Tumelaire to disclose information on her fee arrangement with her attorney.
We next address the unredacted email requested by the HOA. Tumelaire argues that the email is protected by work-product privilege. But because Tu-melaire’s attorney sent the email to the park owner’s attorney, any work-product privilege that may have protected it has been waived. See § 90.507, Fla. Stat. (2013) (providing that privilege is waived when confidential information is voluntarily disclosed); see also Kaplan v. Divosta Homes, L.P., 20 So.3d 459, 462 (Fla. 2d DCA 2009) (noting that homeowners’ voluntary disclosure of information to their next-door-neighbor’s relatives would waive privilege); Walker v. River City Logistics, Inc., 14 So.3d 1122, 1123 (Fla. 1st DCA 2009) (holding that voluntary disclosure of allegedly privileged documents waived privilege). Voluntary disclosure of alleged work product waives work-product privilege where that disclosure is inconsistent with maintaining secrecy from the disclosing party’s adversary — or, in other words, the disclosure substantially increases the chance that the opposing party will obtain the information. Visual Scene, Inc. v. Pilkington Bros., pic., 508 So.2d 437, 442 (Fla. 3d DCA 1987). And though an argument could be made that work-product privilege was not waived here because Tu-melaire and the park owner share common interests, see id., Tumelaire has not raised this argument and indeed any such argument would be undermined by her stance that she has no relationship with the park owner. Certiorari relief is not warranted on this claim.
Finally, we conclude the court properly allowed the disclosure of information on who hired Tumelaire’s accountant and the fees that he is being paid. Tume-laire has named the accountant as an expert in her case, and “where the discovery *600 sought is directed to a party about the extent of that party’s relationship with a particular expert, the balance of the interests shifts in favor of allowing the pretrial discovery.” Allstate Ins. Co. v. Boecher, 733 So.2d 993, 997 (Fla.1999). No relief is warranted on this claim.
Accordingly, we grant the petition in part and quash the portion of the circuit court’s order requiring the disclosure of information about the fee arrangement between Tumelaire and her attorney. As to Tumelaire’s remaining claims, we deny the petition.
Granted in part and denied in part.
KELLY and WALLACE, JJ., Concur.

. The circuit court’s order addressed various other discovery issues as well, but Tumelaire only seeks review of the portion of the court's order addressing the motions to compel and the motion for protective order.