DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MERCO GROUP OF THE PALM BEACHES, INC.,**
Petitioner,

v.

**JOHN G. MCGREGOR, DAVID GHYSELS, DAVID SARAGA, HARJAS CHATWAL, MARK BENNETT, KEVIN R. MACKEY, MICHAEL L. MACKEY, CYNTHIA RAFTIS, ANASTASIA RAFTIS, SPIRO RAFTIS, GREGORY PILL, RICHARD HOFFMAN, SHARON HOFFMAN, BRUCE PINCHERON, THOMAS FASSO, JR., DANIEL KOHN, BARBARA KOHN, DIANE MALHORTRA, VIKRANT MALHORTA,** and **MARUICE BASSALI,**
Respondents.

No. 4D14-696

[July 30, 2014]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 562006CA011826MB.

Geoffrey B. Marks of Billbrough & Marks, P.A., Coral Gables, for petitioner.

Michael A. Weeks of Weeks & Macon, LLP, West Palm Beach, for respondents.

WARNER, J.

Petitioner, Merco Group of the Palm Beaches, Inc., defendant below, seeks certiorari review of the trial court's order compelling production of various documents to respondent, John G. McGregor, David Ghysels, et al., plaintiffs below ("plaintiffs"). Petitioner claims that the court ordered production of attorney-client privileged documents based upon the crime-fraud exception without affording petitioner an evidentiary hearing to explain the prima facie case established by plaintiffs. We agree that the court departed from the essential requirements of law by failing to conduct an evidentiary hearing on the issue.

Seeking discovery in aid of execution of plaintiffs' judgment against Merco, plaintiffs served third-party subpoenas for production of documents on Merco's lawyers. The subpoenas sought documents related to the treatment and the location of certain funds, which were deposited into Merco's lawyers' trust account.

Merco filed objections to the subpoenas, raising multiple grounds, including attorney-client privilege. In addressing the objections at a hearing, the court overruled them except for the attorney-client privilege. It ordered the production of the documents for an *in camera* inspection, directing Merco to provide a privilege log specifying the privilege claim as to each document. The court held an additional hearing to clarify the relevance of some documents. Thereafter, and without further hearing, the court entered an order requiring production of the documents on the grounds that the record showed prima facie evidence that Merco "used its attorney/client relationship with [its lawyers] to promote an intended or actual fraud on the Plaintiffs and upon the Court in an effort to conceal assets" which were otherwise discoverable. The court ordered production of the documents.

Merco petitions for certiorari to quash this order, claiming that the court departed from the essential requirements of law by failing to provide it with an evidentiary hearing to offer its reasonable explanation of its conduct or communications. We agree that due process requires an evidentiary hearing when the crime-fraud exception is invoked. *See BNP Paribas v. Wynne*, 967 So. 2d 1065, 1068 (Fla. 4th DCA 2007) ("[A]pplying the crime-fraud exception without an evidentiary hearing is a departure from the essential requirements of law.").

In *American Tobacco Co. v. State*, 697 So. 2d 1249 (Fla. 4th DCA 1997), we adopted a formal procedure for determining whether the crime-fraud exception applies. Significantly, we held that evaluating the exception requires an adversarial proceeding that would allow both parties to present evidence and argument on the issue. *Id.* at 1255-56. Following *American Tobacco,* in *BNP Paribas* we explained that:

> The party invoking the crime-fraud exception has the initial burden of presenting prima facie evidence of the existence of the exception. [*Am. Tobacco,* 697 So. 2d] at 1256. The burden then shifts to the party asserting the attorney-client privilege to show, by a preponderance of the evidence, that there is a reasonable explanation for the conduct or communication. *Id.*

2

> If the court accepts the explanation as sufficient to rebut the evidence presented by the party opposing the privilege, then the privilege remains. However, if after considering and weighing the explanation the court does not accept it, then a prima facie case exists as to the exception, and the privilege is lost. Thus, the trial court must consider the evidence and argument rebutting the existence of the crime-fraud exception and must weigh its sufficiency against the case made by the proponent of the exception.
>
> *Id.* What is apparent from *American Tobacco* is that an evidentiary hearing is necessary before the court can find the crime-fraud exception to the attorney-client privilege.

*Id.* at 1067-68.

This evidentiary hearing should occur after the court determines that the prima facie showing of the crime-fraud exception has been established. In *Butler, Pappas, Weihmuller, Katz, Craig, LLP v. Coral Reef of Key Biscayne Developers, Inc.*, 873 So. 2d 339, 342 (Fla. 3d DCA 2003), the Third District explained that the court can review attorney-client communications *in camera* to determine the applicability of the crime-fraud exception, and its decision to conduct such a review lies entirely within its sound discretion. It added that "[i]f the trial court determines that the crime-fraud exception applies, the client is entitled to provide a reasonable explanation for the communication or its conduct at an evidentiary hearing[.]" *Id.* (citing *First Union Nat'l Bank v. Turney*, 824 So. 2d 172, 183 (Fla. 1st DCA 2001)). Thus, Merco was entitled to an evidentiary hearing *after* the court conducted its *in camera* review and determined that the exception applied.

Because the trial court failed to afford Merco an opportunity through an evidentiary hearing to explain the documents and why the fraud exception should not apply, it departed from the essential requirements of law. We thus quash the order and direct that the trial court conduct a hearing pursuant to *American Tobacco Co.*, *BNP Paribas*, and *Butler Pappas*.

3

DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*