DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GEICO GENERAL INSURANCE COMPANY,**
Petitioner,

v.

**THOMAS A. MOULTROP** and **PATRICIA GUY MOULTROP,**
Respondents.

No. 4D14-1844

[October 22, 2014]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 50 2009 CA 42658MB.

Katina M. Hardee, B. Richard Young, and Adam A. Duke of Young, Bill, Roumbos & Boles, P.A., Miami, for petitioner.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach; William E. Johnson of William E. Johnson, P.A., West Palm Beach; and Todd S. Stewart of the Law Offices of Todd S. Stewart, P.A., Jupiter, for respondents.

PER CURIAM.

GEICO General Insurance Company petitions for a writ of certiorari to review an order that allows discovery of attorney-client privileged communication in a bad faith action.

Following an in camera inspection, a special master determined that a number of documents from the insurer's attorney's litigation file in the underlying coverage case were privileged but discoverable in this bad faith action. The special master accepted respondents' argument that attorney-client information from the underlying suit would be discoverable unless it pertained to bad faith aspects of the case.

We agree with petitioner that the order is contrary to *Genovese v. Provident Life & Accident Insurance Co.*, 74 So. 3d 1064 (Fla. 2011), and departs from the essential requirements of the law. Availability of the

attorney-client privilege does not depend on whether this is a bad faith case or whether the information related to legal advice about bad faith. "[W]hen an insured party brings a bad faith claim against its insurer, the insured may not discover those privileged communications that occurred between the insurer and its counsel during the underlying action." *Id.* at 1068. Absent an exception, such as when the insurer places counsel's advice at issue, attorney-client privileged information from the underlying suit is not discoverable in a bad faith case. *Id.* at 1068-69.

Accordingly, we grant the petition and quash the portion of the order that requires production of attorney-client privileged material on the grounds that the privileged information did not pertain to the bad faith aspects of this case.

GROSS, TAYLOR and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2