DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA POWER & LIGHT COMPANY,**
Petitioner,

v.

**MARK W. HICKS,**
Respondent.

No. 4D14-4337

[April 15, 2015]

CORRECTED OPINION

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dwight L. Geiger, Judge; L.T. Case No. 562012CA003445.

Rebecca Mercier Vargas, Jane Kreusler-Walsh, and Stephanie L. Serafin of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, and Ellen S. Malasky and David D. Austin, FPL Law Department, Juno Beach, for petitioner.

Peter Ticktin and Jamie Sasson of The Ticktin Law Group, P.A., Deerfield Beach, for respondent.

GROSS, J.

We grant Florida Power & Light Co.'s petition for writ of certiorari and quash the circuit court order requiring production of attorney-client privileged documents because they were relevant to the plaintiff's causes of action.

Respondent sued FP&L for violation of the Florida Whistle Blower Act, intentional infliction of emotional distress, and fraud. Respondent filed a request for production; FP&L responded with objections based on the attorney-client privilege and filed a privilege log. After respondent filed a motion to compel, the circuit court required an *in camera* inspection of those documents for which FP&L claimed a privilege.

Following the inspection, the court ordered production.  It sustained the privilege objections, but found that for certain documents "relevance require[d] breaking of a privilege and production."  It held that such relevant documents contained information that could not reasonably be obtained from another source, so that the "privilege should be broken and the documents provided."

Certiorari is the appropriate vehicle to obtain review of orders requiring cat-out-of-the-bag disclosure of privileged documents.  *See, e.g., Bd. of Trs. of the Internal Improvement Trust Fund v. Am. Educ. Enters., LLC,* 99 So. 3d 450, 457 (Fla. 2012) (quoting *Allstate Ins. Co. v. Langston,* 655 So. 2d 91, 94 (Fla. 1995)).

Unlike the work product doctrine, attorney-client privilege is not defeated by an opponent's showing of relevance and necessity.  *Genovese v. Provident Life & Accident Ins. Co.,* 74 So. 3d 1064, 1068 (Fla. 2011).  As the Supreme Court has written, the attorney-client privilege

> is not concerned with the litigation needs of the opposing party. Instead, the purpose of the privilege is to "encourage full and frank communication" between the attorney and the client.  This significant goal of the privilege would be severely hampered if an insurer were aware that its communications with its attorney, which were not intended to be disclosed, could be revealed upon request by the insured. Moreover, we note that there is no exception provided under section 90.502[, Florida Statutes] that allows the discovery of attorney-client privileged communications where the requesting party has demonstrated need and undue hardship.

*Id.* at 1068 (internal citations omitted).  An order compelling production of attorney-client communications based on relevance and need constitutes a departure from the essential requirements of law.  *See Tumelaire v. Naples Estates Homeowners Ass'n,* 137 So. 3d 596, 599 (Fla. 2d DCA 2014).

Contrary to respondent's argument, the circuit court's order was not based on the crime-fraud exception.  The circuit court sustained the privilege objections and did not make a finding that the crime-fraud exception applied; to do so would have required an evidentiary hearing after the *in camera* review.  *See Merco Grp. of the Palm Beaches, Inc. v. McGregor,* 39 Fla. L. Weekly D1594, 2014 WL 3729906 (Fla. 4th DCA July 30, 2014).

TAYLOR and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***