DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL BRANNON, PSY.D.,** and **AMLONG & AMLONG, P.A.,**
Petitioners,

v.

**DANIEL PALCU** and **STATE OF FLORIDA,**
Respondents.

No. 4D15-894

[October 28, 2015]

Petition for Writ of Certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 06-4892 CF10A.

William R. Amlong, Jennifer Daley and Alison Churly-Davis, Fort Lauderdale, for petitioners.

Alan R. Soven of Law Offices of Alan R. Soven, Miami, for respondent Daniel Palcu.

PER CURIAM.

Petitioners, Dr. Michael Brannon and Amlong and Amlong, the law firm that represents him, seek certiorari review of the trial court's order compelling them to produce a specific e-mail string between the two, which the court set aside from discovery in a sealed envelope. Respondent, Daniel Palcu, sought the information to demonstrate that Dr. Brannon perpetuated a fraud or obstructed justice when he testified in respondent's criminal case.

Petitioners argued to the trial court that the communication was protected as an attorney-client communication. § 90.502, Fla. Stat. (2015). Respondent countered that the crime-fraud exception precluded petitioners' use of that privilege. § 90.502(4)(a). The trial court conducted *in camera* review of many documents, including the e-mail string, and ordered that it be produced. Petitioners seek review, arguing that the trial court was required to conduct an evidentiary hearing before ordering the production.

We grant the petition, quash the order, and direct the trial court to conduct an evidentiary hearing. *Merco Grp. of the Palm Beaches, Inc. v. McGregor*, 162 So. 3d 49 (Fla. 4th DCA 2014); *BNP Paribas v. Wynne*, 967 So. 2d 1065, 1068 (Fla. 4th DCA 2007); *Am. Tobacco Co. v. State*, 697 So. 2d 1249 (Fla. 4th DCA 1997). As we explained in the above cited cases, the failure to afford petitioners an evidentiary hearing to address that document and argue why that exception should not apply is a departure from the essential requirements of law. *Merco Grp.,* 162 So. 2d at 51, *BNP Paribas,* 967 So. 2d at 1068; *Am. Tobacco,* 697 So. 2d at 1256-57.

*Petition granted; Order quashed.*

MAY, GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***