May, J.
An attorney petitions this court for a writ of certiorari to review an order compelling him to answer questions involving attorney-client privilege. He raises both a due process argument and a substantive argument in suggesting the trial court departed from the essential requirements of the law resulting in irreparable harm. We agree with him regarding his due process argument and grant the petition solely on that basis.
The order at issue arises in a defamation case in which the attorney’s client is the plaintiff. Before he filed the defamation action, and giving rise to it, plaintiff'suspected that the potential defendants were behind a hate mail campaign directed at him. He also suspected that the potential defendants were funding another action in which the plaintiff had been sued (“Kay-Dee case”).
Though they were not parties in the Kay-Dee case, the attorney scheduled their depositions in that action. During the deposition, the attorney arranged to .show “exhibits” to the deponents (now defendants). The-paper used to create the exhibits was treated with chemicals to facilitate DNA collection and the deponents were to touch those items. The deponents’ discarded water bottles were also to be collected following the deposition. Thereafter, DNA tests would be run to compare their DNA and fingerprints to those retrieved from the hate mail sent, which formed the basis of the instant defamation action.
Plaintiff filed the defamation action about eight months after the depositions. The attorney and the plaintiff admit to the above conduct, but claim the deposition had a .legitimate basis as well.
The'defendants then deposed the attorney regarding the scheduling of their deposition and the DNA collection in the Kay-Dee case. The attorney asserted attorney-client and Fifth Amendment privileges throughout. The defendants then moved to compel the attorney to answer questions, arguing’the crime-fraud exception applied to avoid the attorney-client privilege.
The crime-fraud exception provides there is no attorney-client privilege when the lawyer’s services are “sought or obtained to enable or aid anyone to commit or plan to commit what the client kneio was a crime or fraud.” See. § 90.502(4)(a), Fla. Stat. (2016) (emphasis added). The defendants argued that the crime-fraud exception applied because section 760.40, Florida Statutes, requires anyone doing DNA testing to first get the person’s consent and to .notify the person of the results.[1]
*856 Neither the plaintiff, his attorney, his DNA tester, nor the police appear to have been aware of this DNA statute when the samples were collected and tested. The defendants argue that the plaintiff and his attorney committed a fraud upon the court when they used the court’s subpoena power to depose them in the Kay-Dee case where they were non-parties.
The trial court agreed. Significantly, the attorney was not present at the hearing on the motion to compel. The trial court found the plaintiff not credible.
The twenty-two page order concluded that the “fraud on the court” concerned the scheduling of the deposition in the Kay-Dee case without a legitimate purpose apart from DNA collection and the use of the court’s subpoena power to do so. Per the order, the attorney is not shielded from testifying to .events related to the “collection, testing, and publication of the , [defendants’] DNA samples, occurring between December of 2012 and April of 2013, as the crime-fraud exception applies to the instant matter, piercing the attorney-client privilege.”
In his petition, the attorney argues he did not receive notice of, and was not present at, the hearing leading to the detailed order under review.[2] He also argues that the deposition was not a fraud upon the court. And, he contends that the DNA statute does not apply to his role, which was.the “collection” of DNA, We agree with the attorney solely on his due process argument and quash the order on that basis.
Florida courts have held that due process requires an evidentiary hearing to determine applicability of the crime-fraud exception. See Merco Group of the Palm Beaches, Inc. v. McGregor, 162 So.3d 49, 51 (Fla. 4th DCA 2014). Here, the attorney was denied due process when the court found that his conduct was fraudulent without offering him an opportunity to be heard. See Carmona v. Wal-Mart Stores, East, LP, 81 So.3d 461 (Fla. 2d DCA 2011); Clare v. Coleman (Parent) Holdings, Inc., 928 So.2d 1246, 1248 (Fla. 4th DCA 2006).
We therefore quash the order and remand the case to the trial court to conduct a hearing with notice to the attorney and an opportunity to be heard.

Petition granted in part, order quashed in part.

Taylor and Gerber, JJ., concur.

. "A person who violates paragraph (a) is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082. or s. 775.083.” § 760.40(2)(b), Fla. Stat. (2016).
A person who performs DNA analysis or receives records, results, or findings of DNA analysis, must provide the person tested with notice that the analysis was performed or that the information was received. The notice must state that, upon the request of the person tested, the information will be made available to his or her physician. The notice must also state whether the information was used in any decision *856 to grant or deny any insurance, employment, mortgage, loan, credit, or educational opportunity. If the information was used in any decision that resulted in a denial, the analysis must be repeated to verify the accuracy of the first analysis, and if the first analysis is found to be inaccurate, the denial must be reviewed.
§ 760.40(3).

. The defendants did not address the due process argument in their response.