DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ALLSTATE INSURANCE COMPANY,

Petitioner,

v.

JESSE LEE RAY, as Personal
Representative of the Estate of
Deborah L. Veilleux, deceased,

Respondent.

No. 2D21-1020

_____

September 16, 2022

BY ORDER OF THE COURT:

Upon consideration of the Respondent's Motion for

Clarification and/or Rehearing, this court grants the motion for

clarification, denies the motion for rehearing, withdraws the opinion

filed on January 19, 2022, and substitutes the following opinion in

its place.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

_____

ALLSTATE INSURANCE COMPANY,

Petitioner,

v.

JESSE LEE RAY, as personal
representative of the Estate of
Deborah L. Veilleux, deceased,

Respondent.

No. 2D21-1020

_____

September 16, 2022

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Caroline Tesche Arkin, Judge.

Daniel A. Martinez and Jennifer C. Worden of Martinez Denbo,
L.L.C., St. Petersburg, for Petitioner.

Brent Steinberg and Daniel L. Greene of Swope, Rodante P.A.,
Tampa, for Respondent.

KELLY, Judge.

    Jesse Lee Ray, as personal representative of the Estate of

Deborah L. Veilleux (the Estate), brought this bad faith action

against Allstate Insurance Company for failing to settle and to adequately defend a personal injury claim against the Estate. Allstate seeks certiorari review of the order granting, in part, the Estate's motion to compel production of documents Allstate contends are attorney work product or that are protected by attorney-client privilege. We grant Allstate's petition in part.

In 2006, Veilleux, the insured, was at fault in a crash with Gerald Aloia. Veilleux died shortly after the accident. Aloia and the Estate were unable to agree to the terms of a settlement within Veilleux's policy limits. Because the case had not settled and because Allstate believed the damages would exceed the policy limits, it anticipated being sued for bad faith at the conclusion of the tort litigation. It assigned Christine Brogan and George Naftzinger as adjusters for the anticipated bad faith claim. It also retained Martinez Denbo as outside counsel and assigned John Connolly as in-house counsel.

Aloia's personal injury suit against the Estate went to trial on damages, and the jury returned a verdict in favor of Aloia for $44,932,206. The trial court, in ruling on the Estate's motion for a new trial or for remittitur, allowed the Estate to elect either to have

a new trial or to accept an $18 million verdict. Allstate chose to accept the $18 million verdict on behalf of the Estate.

The Estate then sued Allstate for bad faith for failing to reach a settlement and for breaching its duty to defend by rejecting the opportunity to have a new trial and instead binding the Estate to an $18 million debt. In its first request to produce, the Estate sought documents that included communications between Connolly, Brogan, Naftzinger, and Martinez Denbo and notes and documents pertaining to those communications, all of which Allstate contends pertain to the merits and defense of the bad faith action.

The court rejected Allstate's claims of work product and attorney-client privilege as to items that existed "prior to the conclusion of the underlying litigation" reasoning that such items must relate to the handling of the underlying claim. The court ordered production of the remaining documents in Allstate's privilege log for in camera inspection so that it could determine whether they related to the defense of the underlying tort claim and therefore were discoverable. Allstate acknowledges that work product materials relating to the underlying claim are discoverable in a first-party bad faith action but argues that the trial court's

3

order departed from the essential requirements of law when it held that any documents predating the conclusion of the underlying litigation necessarily pertained to the underlying tort litigation. We agree.

In *Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121, 1129-30 (Fla. 2005), the court explained that "all materials . . . contained in the underlying claim and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter *and* pertain in any way to coverage, benefits, liability, or damages" are not protected by the work product privilege. (Emphasis added.) Thus, the test is not simply when the material was created, but whether it pertains to the processing or litigation of the underlying claim. *Id.* at 1130-31. If it does, it is discoverable. *Id.* To make this determination, the trial court will have to examine the materials in camera to see if they fall into the category of work product *Ruiz* held was discoverable in a bad faith action. *See id.*; *see also Alliant Ins. Servs., Inc. v. Riemer Ins. Grp.*, 22 So. 3d 779, 781 (Fla. 4th DCA 2009) (holding that when a party seeks to compel the disclosure of privileged documents, the party

4

claiming the privilege is entitled to an in camera review of the documents prior to disclosure).

While *Ruiz* eliminated work product protection for some materials in the context of a bad faith action, it did not do away with the attorney-client privilege in bad faith cases. *See Genovese v. Provident Life & Accident Ins. Co.*, 74 So. 3d 1064, 1066 (Fla. 2011). "[W]hen an insured party brings a bad faith claim against its insurer, the insured may not discover those privileged communications that occurred between the insurer and its counsel during the underlying action." *Id.* at 1068. However, as explained in *Genovese*, "cases may arise where an insurer has hired an attorney to both investigate the underlying claim *and* render legal advice." *Id.* Where a request implicates both the attorney-client privilege and the work product privilege the trial court should conduct an in camera inspection to determine if the requested materials are in fact covered by the attorney-client privilege. *See id.* "If the trial court determines that the investigation performed by the attorney resulted in the preparation of materials that are required to be disclosed pursuant to *Ruiz* and did not involve the rendering of legal advice, then that material is discoverable." *Id.* Because the

trial court here ordered the disclosure of the communications Allstate asserts are privileged without first conducting an in camera inspection to determine whether they involved materials discoverable under *Ruiz,* we conclude that it departed from the essential requirements of law.

Allstate also challenges the portion of the trial court's order requiring it to produce all postjudgment materials it claims are privileged for in camera inspection. However, as the Estate points out, Allstate cannot establish irreparable harm in the production of the documents for in camera inspection until the completion of the trial court's inspection. *See Walanpatrias Found. v. AMP Servs. Ltd.*, 964 So. 2d 903, 905 (Fla. 4th DCA 2007) ("[A]n order requiring production for an *in camera* inspection cannot display the appropriate characteristic of permanent harm because a remedy is available if and when the trial court enters a further order (after *in camera* inspection) requiring dissemination of the protected matter to the appropriate party or parties." (quoting *Cebrian ex rel. Cebrian v. Klein*, 614 So. 2d 1209, 1210 (Fla. 4th DCA 1993))).

Accordingly, we grant Allstate's petition in part and quash that portion of the order on review that requires the immediate production

without in camera inspection of all materials listed in Allstate's privilege log.

Petition granted in part; order quashed in part.


SILBERMAN and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.